David F. STONE, Petitioner,

v.

STATE of Alaska, Respondent.

No. S–13524.

Supreme Court of Alaska.

July 1, 2011.

Beth Lewis Trimmer, Assistant Public Advocate, and Rachel Levitt, Acting Director, Office of Public Advocacy, Anchorage, for Petitioner.

Michael Sean McLaughlin, Assistant Attorney General, Office of Special Prosecutions & Appeals, Anchorage, and Daniel S. Sullivan, Attorney General, Juneau, for Respondent.

Before: CARPENETI, Chief Justice, FABE, WINFREE, and STOWERS, Justices.

### OPINION

WINFREE, Justice.

## I. INTRODUCTION

We granted this petition to consider the narrow question of whether under the Federal Constitution a criminal defendant's court-appointed counsel must, upon the defendant's demand after lawful sentencing pursuant to a plea agreement, file a petition for discretionary sentence review by this court when AS 12.55.120(a) precludes an appeal of right to the court of appeals. We now answer "yes" to that question.

## II. FACTS AND PROCEEDINGS

David Stone was charged with manslaughter, two counts of assault, and driving under the influence. Because Stone was already on probation from earlier unrelated convictions, the State also filed petitions to revoke his probation (PTRs). Represented by an attorney from the Public Defender Agency, Stone reached an agreement with the State reducing the manslaughter charge to criminally negligent homicide and then pleaded no contest to the four charges and the PTRs. The maximum term for Stone's most serious offense was 10 years of incarceration,[1] and the plea agreement required a composite sentence between 5 and 12 years. The superior court entered judgment and sentenced Stone to a total of 13 years with 4 years suspended for the four charges and to an additional 350 days for the PTRs, leaving Stone 9 years and 350 days to serve.

Soon after judgment was entered another attorney from the Public Defender Agency asked Stone if he wished to appeal his conviction or sentence. Stone responded that he believed his sentence was illegal under *Blakely v. Washington*[2] and asked for both a motion under Criminal Rule 35(a)[3] and an appeal. The attorney reviewed Stone's file, spoke with Stone's previous counsel, advised Stone that given the suspended portion of his sentence it did not exceed his plea agreement cap,[4] and concluded, "I do not believe you can appeal your sentence." The attorney took no further action.

Stone petitioned pro se for post-conviction relief, alleging that his sentence was illegal and excessive, and that the attorney's failure to object to or appeal from his sentence constituted ineffective assistance of counsel. But Stone abandoned his *Blakely* argument and instead argued that (1) all of the four charges against him should have merged into one charge under *Whitton v. State*,[5] thereby precluding his composite sentence, and (2) the sentence of 13 years with 4 suspended was "clearly excessive under the totality of

---

1. *See* AS 11.41.130(b) (categorizing criminally negligent homicide as class B felony); AS 12.55.125(d) (establishing 10–year maximum sentence for most class B felonies including criminally negligent homicide).

2. 542 U.S. 296, 313–14, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) (requiring facts used to increase sentence above statutory maximum to be determined by jury).

3. Alaska Criminal Rule 35(a) allows the trial court to correct an illegal sentence at any time.

4. The attorney mistakenly considered only three out of the four counts against Stone. However, the analysis would be the same even if the attorney had considered all four counts because the four-year suspension brings the sentence below the plea agreement cap.

5. 479 P.2d 302, 314 (Alaska 1970) (merging robbery and robbery with firearm into single offense for double jeopardy purposes).

the circumstances" of his case. Stone also argued that his attorney had been ineffective for failing to contest his sentence in the superior court and for failing to appeal the sentence after it was imposed.

An attorney was appointed to represent Stone, and Stone amended his petition. In this petition Stone abandoned his *Whitton* argument and instead argued that his composite sentence exceeded both the plea agreement range and the maximum 10–year sentence he could have received for the most serious charge against him, the latter of which violated *Mutschler v. State*.[6] The State answered the petition by pointing to the four-year suspended portion of Stone's sentence and arguing that Stone was not sentenced in excess of either the plea agreement range or the statutory maximum for the most serious charge against him. Stone replied that it was nonetheless ineffective assistance of counsel to fail to appeal the sentence when Stone requested it, regardless of his arguments' merits.

The superior court denied Stone's application for post-conviction relief. The court first rejected Stone's *Mutschler* argument, concluding that the suspended portion of a sentence is not counted when measuring a composite sentence against a statutory maximum—only time served is considered. The court then concluded it was "unwilling to find that an attorney is ineffective on the sole basis that the attorney did not advance a meritless argument" because attorneys have an "ethical duty not to file frivolous pleadings."

Stone appealed to the court of appeals, arguing that it was ineffective assistance per se for his attorney to fail to file the requested appeal after entry of his sentence, and it was error for the superior court to deny his petition based on the merits of the arguments that would have been raised on appeal. Stone requested the restoration of his right to appeal his sentence.

The State argued that because Stone no longer questioned the legality of his sentence, it could not have been ineffective assistance of counsel to fail to appeal his sentence on that basis. But the State itself then raised a somewhat different question— whether, aside from questions about the legality of a sentence, it would be ineffective assistance of counsel to fail to file a sentence appeal limited narrowly to a claim of excessiveness. The State first noted that because Stone's sentence was entered under the terms of a plea agreement and the sentence was less than a specified maximum sentence, under AS 12.55.120(a) Stone had no right to appeal his sentence on the ground of excessiveness.[7] The State conceded that Stone could have petitioned this court for our discretionary review of his sentence for excessiveness,[8] but argued that (1) whether to file a petition for discretionary sentence review was a decision left to counsel, not the client, and (2) Stone had not shown that the failure to file a petition for discretionary sentence review rose to the level of ineffective assistance of counsel.

Stone replied by acknowledging the difference between the right to appeal and the right to petition, but claimed he was entitled to appellate review regardless of the terminology that he had used. He further countered that the decision whether to seek appellate review belonged to the client, not the attorney.

**6.** 560 P.2d 377, 380 (Alaska 1977) (citing *Cleary v. State*, 548 P.2d 952, 956 (Alaska 1976) (precluding imposition of consecutive sentences totaling more than maximum sentence for most serious offense without specifically finding extended confinement was necessary to protect public from further criminal conduct by defendant)).

**7.** AS 12.55.120(a) provides in part:

A sentence of imprisonment lawfully imposed by the superior court for a term or for aggregate terms exceeding two years of unsuspended incarceration for a felony offense or exceed-

ing 120 days for a misdemeanor offense may be appealed to the court of appeals by the defendant on the ground that the sentence is excessive, unless the sentence was imposed in accordance with a plea agreement under the applicable Alaska Rules of Criminal Procedure and that agreement provided for imposition of a specific sentence or a sentence equal to or less than a specified maximum sentence.

**8.** *See* Alaska R.App. P. 215(a)(5) (allowing discretionary review by supreme court of sentence's excessiveness if not appealable to court of appeals).

The court of appeals affirmed the superior court's decision, noting that throughout the course of the post-conviction-relief proceedings Stone had relied on, and then abandoned, a number of different substantive challenges to the legality of his sentence. The court also noted that Stone lacked the right to appeal the alleged excessiveness of his sentence because under AS 12.55.120(a), defendants who plead no contest and are sentenced according to a plea agreement "often lose" that right.[9] The court declined to decide whether any and all appellate attacks on the severity of a sentence imposed under a plea agreement are foreclosed, holding only that reasonable judges and attorneys could have concluded that Stone had no right to appeal his sentence on the ground of excessiveness.[10] Taking up the issue of a possible petition for discretionary review, the court likewise held that because it was reasonably debatable whether all competent judges and attorneys would have known that Stone's attorney had no right to refuse Stone's request for appellate review of his sentence, it was not incompetence per se to do so. It concluded that Stone "failed to establish that the Public Defender Agency acted incompetently or otherwise violated its professional duty to Stone merely because the Agency declined to file the petition for sentence review that Stone requested."[11]

Stone petitioned us for hearing, arguing that a petition for discretionary sentence review by this court is first-tier appellate review invoking the federal constitutional right to appointed counsel and the related right to require counsel to seek appellate review. We granted Stone's petition to consider that narrow issue without deciding whether the court of appeals correctly applied the ineffective assistance of counsel standards to Stone's case.

## III. STANDARD OF REVIEW

We apply our independent judgment to constitutional questions[12] including questions about the extent of a criminal defendant's right to counsel.[13] We interpret Alaska Appellate Rules de novo.[14] We adopt "the rule of law most persuasive in light of precedent, reason, and policy."[15]

## IV. DISCUSSION

The federal constitution affords criminal defendants the right to counsel for first-tier appellate review.[16] "[F]irst-tier review differs from subsequent appellate stages 'at which the claims have once been presented by [appellate counsel] and passed upon by an appellate court.' "[17] Defendants have no federal right to counsel for subsequent appellate proceedings.[18]

Alaska Statute 12.55.120(a) provides that when a criminal defendant enters into a plea agreement and receives a sentence in accordance with that agreement, the defendant may not appeal the sentence as excessive. Consistent with that statute, Alaska Appellate Rule 215(a)(1) takes away a defendant's right to appeal felony sentences exceeding two years if "the sentence was imposed in

**9.** *See* note 7, above.

**10.** *See Risher v. State*, 523 P.2d 421, 424 (Alaska 1974) ("All that is required of counsel is that [counsel's] decisions, when viewed in the framework of the trial pressures, be within the range of reasonable actions which might have been taken by an attorney skilled in the criminal law, regardless of the outcome of such decisions.").

**11.** *See id.* at 424–25 (describing standard for ineffective assistance of counsel claims).

**12.** *Diaz v. State, Dep't of Corr.*, 239 P.3d 723, 727 (Alaska 2010).

**13.** *See Risher*, 523 P.2d at 423 (discussing federal right to counsel as constitutional right).

**14.** *Cameron v. Hughes*, 825 P.2d 882, 884 n. 2 (Alaska 1992) (holding interpretation of appellate rule is "a purely legal question" reviewed "de novo").

**15.** *Jacob v. State, Dep't of Health & Soc. Servs., Office of Children's Servs.*, 177 P.3d 1181, 1184 (Alaska 2008) (quoting *Guin v. Ha*, 591 P.2d 1281, 1284 n. 6 (Alaska 1979)).

**16.** *Halbert v. Michigan*, 545 U.S. 605, 609–10, 125 S.Ct. 2582, 162 L.Ed.2d 552 (2005).

**17.** *Id.* at 611, 125 S.Ct. 2582 (quoting *Douglas v. California*, 372 U.S. 353, 356, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963)).

**18.** *Ross v. Moffitt*, 417 U.S. 600, 610, 618–19, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974).

accordance with a plea agreement that provided for imposition of a specific sentence or a sentence equal to or less than a specified maximum sentence." But Appellate Rule 215(a)(5) allows a defendant to seek discretionary review by this court "for any sentence not appealable under Appellate Rule 215(a)(1)." A petition under Rule 215(a)(5) is a defendant's first chance to have an appellate court "pass upon" the superior court's sentence, even if we deny the petition, and therefore review of that petition is first-tier appellate review.

■ Because Stone pleaded no contest and his sentence was within the agreement's maximum range, the appellate review available to him for his excessive sentence claim was to petition this court under Appellate Rule 215(a)(5). Stone therefore had a right under the Federal Constitution to the assistance of counsel in filing such a petition.[19] The right to counsel "requires that [an attorney] support [a] client's appeal to the best of [the attorney's] ability."[20] If after receiving the attorney's advice the client is not convinced to give up the right to petition for sentence review, the attorney must file the petition. An attorney who refuses to file a petition for review at the client's request essentially denies that client the assistance of counsel for the client's first-tier appellate procedure.[21] If the attorney believes the client's requested petition only raises issues that are "wholly frivolous," the attorney may file a brief with the court and seek permission to withdraw.[22]

Stone's attorney neither filed a petition nor took any precautionary procedures. Stone did have the benefit of counsel in filing his petition for post-conviction relief and therefore had the opportunity to raise all of his specific claims that his sentence was illegal both in the superior court and in the court of appeals. But at no time did the superior court or court of appeals consider whether Stone's sentence, although within the plea agreement range, was excessive. Stone is therefore entitled to require his court-appointed counsel to file a petition for our discretionary review of his sentence for examination.[23]

## V. CONCLUSION

Having answered the question raised by the petition and clarified Stone's federal constitutional right to require his court-appointed counsel to file a petition under Alaska Appellate Rule 215(a)(5) for our review of his sentence for excessiveness, we GRANT Stone leave to file such a petition within 30 days. No further proceedings on Stone's petition for post-conviction relief are necessary.

CHRISTEN, Justice, not participating.

---

**19.** *See Halbert*, 545 U.S. at 610, 125 S.Ct. 2582 (holding criminal defendants have right to counsel for first-tier appellate procedures).

**20.** *Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

**21.** This is unlike when the attorney decides not to raise selected issues on appeal in order to pursue a different appellate strategy. *See Jones v. Barnes*, 463 U.S. 745, 751–53, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983) (holding appellate counsel may elect to ignore potential issues on appeal to focus court's attention on other arguments).

**22.** *See Anders*, 386 U.S. at 744, 87 S.Ct. 1396 (outlining procedures for attorney's withdrawal when issues on appeal are wholly frivolous). We do not need to decide here whether the attorney has other options.

**23.** Earlier in this case the State took the position that if Stone files a petition for our review of his sentence, the State will have the right to file a cross-petition on a number of issues, such as (1) whether seeking review would be a breach allowing the State to repudiate the plea agreement and prosecute Stone on the original charges, or (2) whether the sentence was too lenient. These issues are not before us at this time.