NOTICE

*The text of this opinion can be corrected before the opinion is published in the Pacific Reporter. Readers are encouraged to bring typographical or other formal errors to the attention of the Clerk of the Appellate Courts.*

*303 K Street, Anchorage, Alaska 99501*
*Fax: (907) 264-0878*
*E-mail: corrections @ appellate.courts.state.ak.us*

IN THE COURT OF APPEALS OF THE STATE OF ALASKA

| | | |
|---|---|---|
| ROLAND JOHNSON, | ) | |
| | ) | Court of Appeals No. A-11068 |
| Appellant, | ) | Trial Court No. 4BE-09-386 CI |
| | ) | t/w 4SM-08-173 CR |
| v. | ) | |
| | ) | O P I N I O N |
| STATE OF ALASKA, | ) | |
| | ) | |
| Appellee. | ) | No. 2426 — September 12, 2014 |
| | ) | |

Appeal from the Superior Court, Fourth Judicial District, Fairbanks, Douglas Blankenship, Judge.

Appearances: David K. Allen, Sechelt, British Columbia, for the Appellant. Nancy Simel, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Michael C. Geraghty, Attorney General, Juneau, for the Appellee.

Before: Mannheimer, Chief Judge, Allard, Judge, and Coats, Senior Judge.[*]

Judge ALLARD.
Senior Judge COATS, concurring.

_____

[*] Sitting by assignment made pursuant to article IV, section 11 of the Alaska Constitution and Administrative Rule 23(a).

In April 2009, pursuant to a plea agreement, Roland Johnson pleaded guilty to one count of sexual assault in the third degree and was sentenced to an agreed-upon term of 22 years with 10 years suspended, 12 years to serve. In exchange for Johnson's plea, the State dismissed two counts of sexual abuse of a minor in the second degree and one count of sexual assault in the second degree.

Johnson later filed an application for post-conviction relief, alleging that the court-appointed attorney who represented him in negotiating the plea agreement was ineffective. Among other claims, Johnson argued that his attorney was ineffective in failing to seek appellate review of his sentence, despite Johnson's request for such an appeal.

While Johnson's application was pending in the superior court, the Alaska Supreme Court issued its decision in *Stone v. State.*[1] Based on *Stone*, Johnson argued that his attorney had been required to file a petition for sentence review at his request, even though the sentence was specifically bargained for as part of his plea agreement.

The superior court dismissed Johnson's post-conviction relief application. The court concluded that Johnson's attorney was not ineffective in refusing to petition the supreme court for review of Johnson's sentence because *Stone* had not been decided at the time the attorney made that decision. Johnson now appeals, asserting that this decision was error and that *Stone* should apply retroactively to his case.

We conclude that we need not resolve whether *Stone* is retroactive because *Stone* does not govern Johnson's case. More specifically, we conclude that *Stone* applies only to cases in which: (1) the plea agreement gives the sentencing court some discretion

---

[1]    255 P.3d 979 (Alaska 2011).

regarding what sentence to impose and (2) the filing of the petition for sentence review will not constitute a breach of the plea agreement.

These conditions are not met here. Johnson bargained for, and received, a specific, fixed sentence, and the sentencing court's discretion was limited to accepting or rejecting the plea agreement as a whole. Moreover, any modification of Johnson's sentence would have required rescission of the plea agreement. *Stone* therefore did not require Johnson's attorney to file a petition for sentence review. We accordingly affirm the superior court's dismissal of Johnson's application for post-conviction relief.

*Why we conclude that* Stone v. State *did not require Johnson's attorney to pursue appellate review of Johnson's bargained-for sentence*

In *Stone*, the Alaska Supreme Court addressed what it called the "narrow question" of whether, under the Sixth Amendment to the United States Constitution, "a criminal defendant's court-appointed counsel must, upon the defendant's demand after [a] lawful sentencing pursuant to a plea agreement, file a petition for discretionary sentence review by [the supreme court] when AS 12.55.120(a) precludes an appeal of right to the court of appeals."[2]

The supreme court concluded that the answer to this narrow question in Stone's case was "yes."[3] The court reasoned that when defendants have no right to appeal their sentence to this Court under Alaska law, a petition for discretionary sentence review to the Alaska Supreme Court is effectively the "first tier" of appellate review — thus entitling the defendant to the assistance of counsel, at public expense if the

---

[2]    *Id.* at 980.

[3]    *Id.*

defendant is indigent, under the United States Supreme Court's decision in *Halbert v. Michigan*.[4]

The supreme court therefore concluded that Stone had a right to demand that his court-appointed attorney pursue a petition for sentence review. The court explained that if Stone's attorney believed that Stone's excessive sentence claim was "wholly frivolous," the attorney had the option of filing an *Anders* brief and moving to withdraw, but the attorney did not have the option of refusing to file anything.[5]

In the present case, Johnson argues that he, like the defendant in *Stone*, had the right to demand that his attorney file a petition asking the supreme court to review his sentence for excessiveness, even though his sentence was part of a bargained-for plea agreement. But there is a material distinction between Johnson's case and the facts of *Stone*.

*(a) Unlike Stone, Johnson's plea agreement gave the sentencing court no discretion regarding what sentence to impose*

Both Johnson and the defendant in *Stone* were sentenced under a plea agreement. But unlike Johnson's plea agreement, the plea agreement in *Stone* did not call for a specific, fixed sentence. Instead, Stone's plea agreement called for Stone to

---

[4]   *See id.* at 982-83; *see also Halbert v. Michigan*, 545 U.S. 605, 611 (2005). In *Halbert*, the United States Supreme Court explained that "first-tier review" differs from subsequent appellate review because by the latter stages, claims have already been presented by appellate counsel and passed upon by an appellate court. *Id*.

[5]   *Stone*, 255 P.3d at 983; *see also Anders v. California*, 386 U.S. 738, 744 (1967) (if court-appointed appellate counsel reviews trial record and finds no non-frivolous issue for appeal, counsel may request to withdraw, but withdrawal request must be accompanied by a brief that refers to anything in the record that might arguably support the appeal).

receive a sentence within a specified range — 5 to 12 years to serve — at the discretion of the sentencing judge.[6]

Thus, the sentence Stone received (9 years to serve) was the result of the judge's exercise of sentencing discretion — an exercise of discretion that theoretically could have been "clearly mistaken" as that term is used in Alaska sentence review law.[7]

In contrast, Johnson's plea agreement specified the exact sentence he was to receive: 22 years' imprisonment with 10 years suspended, 12 years to serve. There was nothing left to the judge's discretion other than the judge's option under Criminal Rule 11(e) to reject the plea agreement as a whole.

We conclude that this difference between the sentencing process in Stone and the sentencing process in Johnson's case makes the holding in Stone inapplicable to Johnson's case.

*(b) Unlike Stone, Johnson's proposed petition for sentence review would clearly be a repudiation of his plea agreement — therefore, under Alaska law, Johnson must seek rescission of the entire agreement rather than attacking his sentence separately*

As noted above, the plea agreement in *Stone* called for Stone to receive a sentence within a specified *range* of possible sentences. Thus, Stone's appellate attack on his sentence was not necessarily a repudiation of his plea agreement. Indeed, it was arguably consistent with the plea agreement for Stone to contend that the particular

---

[6]   *Stone*, 255 P.3d at 980.

[7]   *See McClain v. State*, 519 P.2d 811, 813 (Alaska 1974) (under "clearly mistaken" standard, trial court's sentence will be upheld unless, after independently reviewing the record, the appellate court is convinced that the sentence is outside the permissible range of reasonable sentences).

sentence he received was excessive, and that he should receive a lesser sentence, as long as this requested lesser sentence was still within the agreed-upon range.

In footnote 23 of *Stone*, the Alaska Supreme Court noted that, earlier in the case, the State had expressly taken the position that Stone's attack on his sentence *would* constitute a repudiation of his plea agreement with the State — apparently under the theory that, by agreeing to be sentenced within the specified range, Stone had also implicitly agreed not to challenge the sentence he ultimately received, as long as that sentence was within the agreed-upon range.[8] But the supreme court declared that the State's contention was "not before us at this time."[9] In other words, the supreme court declared that it was deciding Stone's case under the working assumption that Stone's intended petition for sentence review was at least plausibly consistent with the terms of his plea agreement.[10]

This reasoning is consistent with the general legal principle that "the parties to a contract retain their legal rights relating to the transaction covered by the contract unless either (1) the contract specifically states that a party is relinquishing a legal right as part of the bargain; or (2) the terms of the contract are clearly premised on the

---

[8] *See Stone*, 255 P.3d at 983 n.23.

[9] *Id.*

[10] This is where we part ways with Senior Judge Coats's concurring opinion. Judge Coats concludes that the supreme court took no account of the procedural posture of Stone's case when it ruled that a petition for sentence review is "first tier" appellate review under *Halbert*. In Judge Coats's view, even Stone would have no right under *Stone* to file a petition for review of his sentence, because the sentence was imposed as part of a plea agreement.

relinquishment of this right (*i.e.*, the party's exercise of the legal right would be clearly inconsistent with the provisions of the contract)."[11]

In Stone's case, the parties were not in agreement about whether filing a petition for sentence review constituted a breach of the plea agreement.[12] Further litigation on this issue was therefore needed. Notably, there is nothing in the record in *Stone* to suggest that Stone wanted to rescind any part of the plea agreement. Instead, it appears that Stone just wanted a lower sentence, presumably one more in line with the lower end of the range he had agreed to.

In contrast, in Johnson's case, the record is clear that Johnson wanted to repudiate the terms of his plea agreement, as the other claims raised in his application for post-conviction relief demonstrate.[13] Moreover, unlike in *Stone*, any reduction in Johnson's fixed, agreed-upon sentence of 22 years' imprisonment with 10 years suspended would necessarily require rescission of a specific bargained-for term of his plea agreement.

---

[11] *State v. Henry*, 240 P.3d 846, 849 (Alaska App. 2010); *see also Simon v. State*, 121 P.3d 815, 821-22 (Alaska App. 2005) (where the plea agreement did not include an express waiver of appellate rights, ambiguity in the agreement was interpreted in the defendant's favor, so that the right to appeal the severity of the sentence was preserved).

[12] *Stone*, 255 P.3d at 983 n.23.

[13] Johnson claimed, among other things, that his attorney was ineffective in negotiating the plea, that the trial judge failed to comply with the requirements of Criminal Rule 11 in accepting the plea, and that he should be allowed to withdraw the plea.

Alaska law does not permit this type of piecemeal attack on the terms of a plea agreement.[14] As this Court explained in *Woodbury v. State*,[15] "[w]hen ... a defendant wishes to challenge an already consummated plea agreement as being unlawful, the defendant must seek rescission of the agreement — not selective enforcement of only those provisions favorable to the defendant."[16] We articulated a similar principle in *Grasser v. State*[17]: "Because Grasser negotiated a plea agreement with the government, and because he was sentenced under the terms of that agreement, Grasser can not now claim the benefit of the portions of the agreement that he likes while, at the same time, mounting an appellate attack on the portions that he does not like."[18]

Thus, under both *Grasser* and *Woodbury*, if Johnson believed that his bargained-for sentence was excessive, he was required to seek rescission of the entire plea agreement, rather than attacking one term of his plea agreement on appeal.

We note that after Johnson's trial attorney refused to file a sentence petition on his behalf, this is precisely what Johnson did: he sought rescission of the entire plea agreement through an application for post-conviction relief in which he was represented by court-appointed counsel. The superior court ruled against Johnson on these claims, and Johnson has not appealed any of these rulings — except the ruling that Johnson's attorney was not ineffective when she declined to file a petition for sentence review.

---

[14]   *See, e.g.*, *Woodbury v. State*, 151 P.3d 528, 532 (Alaska App. 2007); *Grasser v. State*, 119 P.3d 1016, 1018 (Alaska App. 2005).

[15]   151 P.3d 528 (Alaska App. 2007).

[16]   *Id.* at 532.

[17]   119 P.3d 1016 (Alaska App. 2005).

[18]   *Id.* at 1018.

By not appealing these rulings Johnson is, in effect, conceding that he has no ground to seek rescission of the plea agreement as a whole, and that he simply wants an appellate court to reduce his bargained-for sentence while leaving the remainder of the plea agreement intact. Under Alaska law, Johnson is not entitled to do this.

*(c) Because Johnson bargained for a specific fixed sentence, there is an inadequate record from which an appellate court could conduct an excessive sentence review*

There is an additional factor that influences our decision in this case. As the concurrence points out, the record of a change of plea and sentencing normally will not reveal all of the circumstances that factored into the plea agreement. This is particularly true in cases such as Johnson's, where the parties have agreed to a specific, fixed sentence and the sentencing court's discretion is limited to accepting or rejecting the plea agreement as a whole. In this type of situation, the superior court may proceed to sentencing without ordering a pre-sentence report, without holding a separate sentencing hearing, and without giving a full explanation under *Chaney* of why the agreed-upon sentence is reasonable.[19]

The situation is different in cases like *Stone*, where the plea agreement leaves critical terms of the sentence up to the sentencing court's discretion. In those cases, the sentencing court may need to conduct an inquiry into the defendant's background and the facts of the offense in order to exercise its sentencing authority in a meaningful way. The court is also required to explain and justify the sentence it imposes under the *Chaney* criteria. Those cases are therefore more likely to provide a

---

[19] *See* Alaska R. Crim. P. 11(e)(1) and Alaska R. Crim. P. 32.1(a)(2); *see also State v. Chaney*, 477 P.2d 441, 443-44 (Alaska 1970) (providing the sentencing goals a court must normally consider before imposing sentence, now codified in AS 12.55.005).

sentencing record from which an appellate court can review whether the sentence imposed by the judge is excessive.

Here, in contrast, there is essentially no sentencing record from which an appellate court could meaningfully review Johnson's sentence. Moreover, Johnson received significant benefits from the plea agreement: the dismissal of three felony-level sexual abuse and sexual assault charges. Without knowing the details of Johnson's background, the facts of his offense, and the facts pertaining to the dismissed charges, it would be all but impossible for an appellate court to review the agreed-upon sentence.

*Conclusion*

For the reasons explained here, we conclude that the Alaska Supreme Court's decision in *Stone v. State* does not govern Johnson's case. Johnson bargained for and received a specific, fixed sentence. Under Alaska law, Johnson is not allowed to seek a reduction of that sentence while leaving the other provisions of his plea agreement intact. Instead, his remedy is to seek rescission of the entire agreement. Accordingly, Johnson was not deprived of the effective assistance of counsel when his attorney declined to file a petition for sentence review.

We AFFIRM the superior court's judgment.

COATS, Senior Judge, concurring.

This case requires us to interpret the Alaska Supreme Court's decision in *Stone v. State*.[1] Stone was charged with manslaughter, two counts of assault, and driving under the influence.[2] He also faced several petitions to revoke his probation. Stone entered into a plea agreement in which the State agreed to reduce the manslaughter charge to the less serious offense of criminally negligent homicide. Represented by an attorney from the Public Defender Agency, Stone agreed to enter a plea of no contest to that offense and to the other offenses and petitions to revoke. The plea agreement specified that Stone would receive a composite sentence of 5 to 12 years to serve. The superior court accepted the plea agreement and sentenced Stone to 13 years with 4 years suspended, 9 years to serve on the four charges, and to an additional 350 days on the petitions to revoke probation, for a total sentence of 9 years and 350 days to serve.[3]

After his sentencing, another attorney from the Public Defender Agency consulted with Stone to find out if he wished to appeal his conviction or sentence. Stone told the attorney that he believed his sentence was illegal, and he asked the attorney to file an appeal. After reviewing the file and consulting with Stone's trial attorney, the attorney advised Stone that he had no ground for appellate review of his sentence. The attorney took no further action.[4]

---

[1]   255 P.3d 979 (Alaska 2011).

[2]   *Id.* at 980.

[3]   *Id.*

[4]   *Id.*

Stone then filed an application for post-conviction relief. Another attorney was appointed to represent him. In that application, Stone claimed, among other issues, that he was entitled to attack his sentence as excessive in the appellate courts, and that his attorney provided ineffective assistance of counsel by advising him otherwise.[5]

The superior court concluded that Stone's claim that he was entitled to appellate review of his sentence was meritless and that his attorney therefore had not provided ineffective assistance of counsel. The court observed that attorneys have an "ethical duty not to file frivolous pleadings."[6] The court dismissed the application for post-conviction relief.[7]

Stone appealed that decision to this Court. The State took the position that Stone could have petitioned the Alaska Supreme Court for discretionary review of his sentence on the ground of excessiveness, but that it was up to Stone's attorney, not Stone, to decide whether to pursue that remedy.[8]

This Court concluded that Stone had not shown that his attorney was ineffective because it was not clear that the attorney had a duty to file a petition for hearing asking the supreme court to review Stone's sentence for excessiveness.[9]

Stone then filed a petition for hearing in the supreme court. The supreme court reviewed the petition on the "narrow issue" of whether "a petition for discretionary sentence review by this court is first-tier appellate review invoking the federal

---

[5]  *Id.* at 981.

[6]  *Id.*

[7]  *Id.*

[8]  *Id.*

[9]  *Id.* at 982.

constitutional right to appointed counsel and the related right to require counsel to seek appellate review."[10] The court concluded that a petition for discretionary review of a sentence by the supreme court *is* "first-tier appellate review," and that attorneys are therefore required to pursue this remedy, if a defendant asks for it.[11]

During litigation of this issue, the State argued that if Stone pursued appellate review of his sentence he would be in breach of his plea agreement with the State and that the State should therefore be allowed to repudiate the plea agreement and prosecute Stone on the original charges.[12] The supreme court did not reach this issue, stating that it was "not before us at this time."[13]

As a general rule, if a defendant wishes to challenge one part of an already consummated plea agreement as unlawful, the defendant must seek recision of the entire agreement.[14] The supreme court limited its decision in *Stone* to one issue: whether "a petition for discretionary sentence review by this court is first-tier appellate review invoking the constitutional right to appointed counsel and the related right to require counsel to seek appellate review."[15] The court declared that the question of whether Stone would be in breach of his plea agreement by seeking appellate review of his

---

[10] *Id.*

[11] *Id.* at 983.

[12] *Id.* at 983 n.23.

[13] *Id.*

[14] *Woodbury v. State*, 151 P.3d 528, 532 (Alaska App. 2007); *Grasser v. State*, 119 P.3d 1016, 1018 (Alaska App. 2005).

[15] *Stone*, 255 P.3d at 982.

sentence was "not before us at this time."[16] The court thus expressly declined to address the policy question of whether a defendant who entered into a plea agreement is considered to be attacking his plea agreement when he seeks appellate review of his sentence as excessive.

That question is before us now. We must therefore resolve whether a defendant may enter into a plea agreement and then, after sentencing, "claim the benefit of the portions of the agreement that he likes while, at the same time, mounting an appellate attack on the portions that he does not like."[17]

This case is an excellent illustration of why it is unfair to allow a defendant to enter into a plea bargain, accept the benefits of that bargain, and then argue in an appellate court that his sentence is excessive. Johnson pleaded guilty to one count of sexual assault in the third degree and was sentenced to an agreed-upon term of 22 years with 10 years suspended. He received significant benefits from this agreement: the State dismissed two counts of sexual abuse of a minor in the second degree and one count of sexual assault in the second degree.

The record of a criminal case will normally not reveal all of the circumstances that factor into a plea bargain — the strength of the State's case, the availability and willingness of the witnesses to testify, the trial pressures on the judge and the parties. Sentencing courts rely on the competence of prosecutors and defense attorneys to arrive at reasonable agreements in light of these circumstances. Of course, trial courts ultimately supervise these agreements, and they are in a much better position than appellate courts to gauge the competence of the attorneys and the fairness of a plea

---

[16] *Id.* at 983 n.23.

[17] *Grasser*, 119 P.3d at 1018.

bargain. They are also in a better position to gather information in the event they have reservations about accepting a plea bargain.

As a policy matter, it makes no difference whether a defendant agrees to a specific sentence as opposed to a limited sentencing range. Either way, the defendant should not be permitted to claim the benefit of a plea bargain while mounting an appellate attack on the portions of the bargain he does not like.[18]

I agree with the majority that if Johnson was dissatisfied with his sentence, his remedy was to seek recision of his plea agreement in the trial court. I also agree that the superior court properly dismissed Johnson's application for post-conviction relief because Johnson cannot show that his attorney was ineffective for failing to pursue discretionary review of his sentence. I do not agree that reaching this result requires us to interpret *Stone* in a manner that is not supported by the text of that decision.

---

[18]    *Id.*; *see also Woodbury*, 151 P.3d at 532.