*706 COATS, Senior Judge,
concurring.
This case requires us to interpret the Alaska Supreme Court's decision in Stone v. State.[1] Stone was charged with manslaughter, two counts of assault, and driving under the influence.[2] He also faced several petitions to revoke his probation. Stone entered into a plea agreement in which the State agreed to reduce the manslaughter charge to the less serious offense of criminally negligent homicide. Represented by an attorney from the Public Defender Agency, Stone agreed to enter a plea of no contest to that offense and to the other offenses and petitions to revoke. The plea agreement specified that Stone would receive a composite sentence of 5 to 12 years to serve. The superior court accepted the plea agreement and sentenced Stone to 13 years with 4 years suspended, 9 years to serve on the four charges, and to an additional 850 days on the petitions to revoke probation, for a total sentence of 9 years and 850 days to serve.[3]
After his sentencing, another attorney from the Public Defender Agency consulted with Stone to find out if he wished to appeal his conviction or sentence. Stone told the attorney that he believed his sentence was illegal, and he asked the attorney to file an appeal. After reviewing the file and consulting with Stone's trial attorney, the attorney advised Stone that he had no ground for appellate review of his sentence. The attorney took no further action.[4]
Stone then filed an application for post-conviction relief, Another attorney was appointed to represent him. In that application, Stone claimed, among other issues, that he was entitled to attack his sentence as excessive in the appellate courts, and that his attorney provided ineffective assistance of counsel by advising him otherwise.[5]
The superior court concluded that Stone's claim that he was entitled to appellate review of his sentence was meritless and that his attorney therefore had not provided ineffective assistance of counsel. The court observed that attorneys have an "ethical duty not to file frivolous pleadings."[6] The court dismissed the application for post-conviction relief.[7]
Stone appealed that decision to this Court. The State took the position that Stone could have petitioned the Alaska Supreme Court for discretionary review of his sentence on the ground of excessiveness, but that it was up to Stone's attorney, not Stone, to decide whether to pursue that remedy.[8]
This Court concluded that Stone had not shown that his attorney was ineffective because it was not clear that the attorney had a duty to file a petition for hearing asking the supreme court to review Stone's sentence for excessiveness.[9]
Stone then filed a petition for hearing in the supreme court. The supreme court reviewed the petition on the "narrow issue" of whether "a petition for discretionary sentence review by this court is first-tier appellate review invoking the federal constitutional right to appointed counsel and the related right to require counsel to seek appellate review." [10] The court concluded that a petition for discretionary review of a sentence by the supreme court is "first-tier appellate review," and that attorneys are therefore required to pursue this remedy, if a defendant asks for it.[11]
During litigation of this issue, the State argued that if Stone pursued appellate review of his sentence he would be in breach of his plea agreement with the State and that the State should therefore be allowed to repudiate the plea agreement and prosecute *707 Stone on the original charges.[12] The supreme court did not reach this issue, stating that it was "not before us at this time." [13]
As a general rule, if a defendant wishes to challenge one part of an already consummated plea agreement as unlawful, the defendant must seek recision of the entire agreement.[14] The supreme court limited its decision in Stone to one issue: whether "a petition for discretionary sentence review by this court is first-tier appellate review invoking the constitutional right to appointed counsel and the related right to require counsel to seek appellate review." [15] The court declared that the question of whether Stone would be in breach of his plea agreement by seeking appellate review of his sentence was "not before us at this time."[16] The court thus expressly declined to address the policy question of whether a defendant who entered into a plea agreement is considered to be attacking his plea agreement when he seeks appellate review of his sentence as excessive.
That question is before us now. We must therefore resolve whether a defendant may enter into a plea agreement and then, after sentencing, "claim the benefit of the portions of the agreement that he likes while, at the same time, mounting an appellate attack on the portions that he does not like."[17]
This case is an excellent illustration of why it is unfair to allow a defendant to enter into a plea bargain, accept the benefits of that bargain, and then argue in an appellate court that his sentence is excessive. Johnson pleaded guilty to one count of sexual assault in the third degree and was sentenced to an agreed-upon term of 22 years with 10 years suspended. He received significant benefits from this agreement: the State dismissed two counts of sexual abuse of a minor in the second degree and one count of sexual assault in the second degree.
The record of a criminal case will normally not reveal all of the circumstances that factor into a plea bargain-the strength of the State's case, the availability and willingness of the witnesses to testify, the trial pressures on the judge and the parties. Sentencing courts rely on the competence of prosecutors and defense attorneys to arrive at reasonable agreements in light of these circumstances. Of course, trial courts ultimately supervise these agreements, and they are in a much better position than appellate courts to gauge the competence of the attorneys and the fairness of a plea bargain. They are also in a better position to gather information in the event they have reservations about accepting a plea bargain.
As a policy matter, it makes no difference whether a defendant agrees to a specific sentence as opposed to a limited sentencing range. Either way, the defendant should not be permitted to claim the benefit of a plea bargain while mounting an appellate attack on the portions of the bargain he does not like.[18]
I agree with the majority that if Johnson was dissatisfied with his sentence, his remedy was to seek recision of his plea agreement in the trial court. I also agree that the superior court properly dismissed Johnson's application for post-conviction relief because Johnson cannot show that his attorney was ineffective for failing to pursue discretionary review of his sentence. I do not agree that reaching this result requires us to interpret Stone in a manner that is not supported by the text of that decision.

. 255 P.3d 979 (Alaska 2011).

. Id. at 980. 2

. Id.

. Id.

. Id. at 981.

 . Id.

. Id.

. Id.

. Id. at 982.

. Id.

. Id. at 983.

. Id. at 983 n. 23.

. Id.

. Woodbury v. State, 151 P.3d 528, 532 (Alaska App.2007); Grasser v. State, 119 P.3d 1016, 1018 (Alaska App.2005).

. Stone, 255 P.3d at 982.

. Id. at 983 n. 23.

. Grasser, 119 P.3d at 1018.

. Id.; see also Woodbury, 151 P.3d at 532.