NOTICE

*The text of this opinion can be corrected before the opinion is published in the Pacific Reporter. Readers are encouraged to bring typographical or other formal errors to the attention of the Clerk of the Appellate Courts:*

*303 K Street, Anchorage, Alaska 99501*
*Fax: (907) 264-0878*
*E-mail: corrections@akcourts.us*

# IN THE COURT OF APPEALS OF THE STATE OF ALASKA

|  |  |
|---|---|
| KEVIN PATRICK MAGUIRE, | Court of Appeals No. A-12392 |
| Appellant, | Trial Court No. 3AN-12-11692 CR |
| v. | O P I N I O N |
| STATE OF ALASKA, | |
| Appellee. | No. 2532 — January 27, 2017 |

Appeal from the Superior Court, Third Judicial District, Anchorage, Michael Spaan, Judge.

Appearances: Claire F. DeWitte, Assistant Public Advocate, and Richard Allen, Public Advocate, for the Appellant. Charles D. Agerter, Assistant Attorney General, Office of Special Prosecution (brief), and Michal Stryszak, Assistant Attorney General, Office of Criminal Appeals, Anchorage (supplemental brief), and Craig W. Richards, Attorney General, Juneau, for the Appellee. Renee McFarland, Assistant Public Defender, and Quinlan Steiner, Public Defender, for the Alaska Public Defender Agency as *amicus curiae*.

Before: Mannheimer, Chief Judge, Allard, Judge, and Suddock, Superior Court Judge.[*]

Judge ALLARD.

---

[*] Sitting by assignment made pursuant to Article IV, Section 16 of the Alaska Constitution and Administrative Rule 24(d).

Pursuant to a plea agreement, Kevin Patrick Maguire pleaded guilty to misdemeanor criminal contempt for nonpayment of child support.[1] The plea agreement specified that Maguire would receive a wholly suspended sentence with the amount of suspended time and the length of probation to be determined by the court. The sentencing court accepted the plea agreement and imposed a suspended sentence of 240 days and 5 years' probation. Maguire appeals, arguing that the 5-year term of probation is excessive.

For the reasons explained here, we find no merit to this claim. We therefore affirm Maguire's sentence.

*Why we conclude that we have jurisdiction to hear this appeal*

The first question we must decide in this appeal is whether we have jurisdiction to hear it. Under AS 12.55.120(a) and Alaska Appellate Rule 215(a)(1), a defendant has no right to appeal a misdemeanor sentence of imprisonment as excessive unless the sentence exceeds 120 days to serve. The defendant is entitled, however, to file a petition for discretionary review to the Alaska Supreme Court so long as the term of imprisonment is unsuspended.[2]

In the current case, Maguire received a fully suspended sentence and he acknowledges that he cannot appeal this suspended sentence as excessive under AS 12.55.120(a) and Appellate Rule 215(a)(1). But he argues that he is entitled to

---

[1]   AS 09.50.010(5) & AS 09.50.020(a).

[2]   *See* Alaska R. App. P. 215(a)(5).

appeal his term of probation as excessive under our prior decision in *Allen v. Anchorage*.[3]

Almost ten years ago, in *Allen*, this Court declared (by a two-to-one majority) that the statutory bar against excessive sentence appeals involving misdemeanor sentences of less than 120 days to serve did not apply to "non-term-of-imprisonment sentence appeals (*e.g.*, appeals challenging probation conditions, fines, forfeitures, and license revocations)."[4]

Judge Mannheimer dissented from this holding.[5] In his dissent, Judge Mannheimer noted that this Court had been inconsistent in its approach to this question, and that the Court's only prior published decision on this issue, *Haggren v. State*, 829 P.2d 842, 845 (Alaska App. 1992), was directly contrary to the holding in *Allen*.[6]

In recent years, we have issued unpublished decisions that are arguably inconsistent with *Allen*'s resolution of this jurisdictional question.[7] Given our own recent failure to adhere consistently to the rule in *Allen*, we invited the parties to this appeal, and the Alaska Public Defender Agency as amicus curiae, to submit briefing on whether *Allen* should be overturned in favor of the view adopted by the dissent in that case — the view that this Court has no jurisdiction to hear any aspect of a misdemeanor sentence

---

[3]   168 P.3d 890 (Alaska App. 2007).

[4]   *Id.* at 894.

[5]   *Id.* at 896-906 (Mannheimer, J., dissenting).

[6]   *Id.* at 897-900 (Mannheimer, J., dissenting).

[7]   *See, e.g.*, *Keeling v. State*, 2016 WL 362742, at *1-2 (Alaska App. Jan. 27, 2016) (unpublished); *Jorgens v. State*, 2013 WL 6168561, at *7 (Alaska App. Nov. 20, 2013) (unpublished).

appeal unless the active imprisonment portion of the sentence exceeds the 120-day threshold.[8]

Appellate courts "do not lightly overrule [their] past decisions."[9] We will do so only if "clearly convinced the rule was originally erroneous or is no longer sound because of changed conditions, and that more good than harm would result from a departure from precedent."[10]

After reviewing the supplemental briefing submitted in this case, we conclude that we should abide by the principle of stare decisis and continue to follow *Allen*. We reach this conclusion, in large part, because we believe that more harm than good would come from departing from our prior precedent in *Allen.*

For the last ten years, *Allen* has been the law in Alaska and the legislature has taken no action to suggest that it disagrees with *Allen* or that it ever intended AS 12.55.120(a) to be interpreted to bar this Court from hearing these types of appeals. Moreover, with the exception of a few recent unpublished decisions, this Court has consistently applied *Allen* and its interpretation of AS 12.55.120(a) and Appellate Rule 215(a)(1).

We believe that overruling *Allen* at this juncture will create unnecessary confusion among litigants and lawyers and will likely result in further litigation regarding whether a particular appeal is properly characterized as an excessive sentence appeal or a merit appeal.

---

[8]  *Allen*, 168 P.3d at 898 (Mannheimer, J., dissenting).

[9]  *State v. Dunlop*, 721 P.2d 604, 610 (Alaska 1986).

[10]  *Id.*

Moreover, as the *Allen* majority recognized, this Court is uniquely well-situated to handle these types of appeals.[11] As a court of exclusively criminal jurisdiction, the Court is more likely to be familiar with the sentences imposed in criminal cases across the State and to recognize when a particular fine, forfeiture, or probationary term falls outside the range of reasonable sentences. We also note that the consequences of these aspects of a defendant's sentence can be quite severe — particularly with regard to criminal cases involving corporations or cases where forfeitures of large items such as airplanes are at stake. Acknowledging a right of appeal in these matters ensures that the litigants have the opportunity to fully litigate these issues and that they will receive a written decision in response, further promoting the transparency of the criminal justice system and overall confidence in the integrity of that system.

Given that neither the legislature nor the Alaska Supreme Court has disputed our interpretations of AS 12.55.120(a) or Appellate Rule 215(a)(1) in *Allen*, and given the reliance of litigants on our prior precedent, we conclude that more harm than good will come from overruling *Allen*. We therefore conclude that we have jurisdiction to hear Maguire's appeal of the length of his probationary term, and we now turn to the merits of that claim.

*Why we conclude that Maguire's probationary term is not excessive*

Maguire argues that the 5 years of probation the sentencing court imposed is excessive given his age (61), his lack of criminal history, and the sentencing court's skepticism that it could structure a sentence that would advance Maguire's rehabilitation.

---

[11]  *Allen*, 168 P.3d at 895.

At the sentencing hearing, the judge found that Maguire's failure to comply with his child-support obligations had persisted for fifteen years. The judge found that, during this time, Maguire made a conscious decision not to pay child support "because [he] didn't want to give [his ex-]wife the satisfaction." The judge rejected any assertion that Maguire, a medical doctor, was capable of paying only $35 a month in child support for his three children, as he had done in some of those years. Maguire has not challenged these factual findings, and they are supported by the sentencing record.

Maguire argues instead that the 5 years of probation the court imposed "is inconsistent with the court's conclusion that [his] prospect of rehabilitation would not be aided by [any] court[-]structured rehabilitation." We disagree. Although it is true that the judge was skeptical of the court's ability to *compel* Maguire to change his behavior, the judge expressed some optimism about Maguire's ability to reform himself — to "get a full-time job, make enough money to pay [child] support, make enough money where [you] could be proud of what [you] do professionally, and take care of [yourself]. So I think you may do it. I hope you do."

The purpose of probation "is to provide a program which offers an offender the opportunity to rehabilitate himself without confinement."[12] It also serves the related purposes of affirming community values and protecting the public by deterring future criminality.[13] Here, the sentencing judge concluded that a sentence of 240 days of suspended time and 5 years of probation was required to (1) motivate Maguire to change the long-standing attitudes that led to his refusal to pay child support, (2) deter others

---

[12] *Boyne v. State*, 586 P.2d 1250, 1252 (Alaska 1978) (quoting *People v. Ledford*, 477 P.2d 374, 375 (Colo. 1970) (en banc)); *see also Roman v. State*, 570 P.2d 1235, 1240 (Alaska 1977).

[13] *See, e.g.*, *Leuch v. State*, 633 P.2d 1006, 1013-14 (Alaska 1981); *Edwards v. State*, 34 P.3d 962, 969 (Alaska App. 2001).

from similar conduct, and (3) affirm community values that "you've got to meet your obligations to your children, and [that] you have to work as hard as you can to do that."

We find no merit to Maguire's claim that 5 years of probation unduly restricts his liberty. To the contrary, we find that the probationary term the court imposed is well supported by the sentencing record, and is not clearly mistaken.[14]

*Conclusion*

We AFFIRM the judgment of the superior court.

---

[14] *See McClain v. State*, 519 P.2d 811, 813-14 (Alaska 1974).