NOTICE

*The text of this opinion can be corrected before the opinion is published in the* <u>*Pacific Reporter*</u>*. Readers are encouraged to bring typographical or other formal errors to the attention of the Clerk of the Appellate Courts:*

*303 K Street, Anchorage, Alaska 99501*
*Fax: (907) 264-0878*
*E-mail: corrections@akcourts.gov*

# IN THE COURT OF APPEALS OF THE STATE OF ALASKA

ALEXIE N. WALTERS JR.,

                Appellant,

      v.

STATE OF ALASKA,

                Appellee.

Court of Appeals No. A-13871
Trial Court No. 4SM-17-00081 CR

**O P I N I O N**

No. 2758 — September 15, 2023

Appeal from the Superior Court, Fourth Judicial District, Bethel, Michael A. MacDonald, Judge.

Appearances: Paul Malin, Attorney at Law, under contract with the Public Defender Agency, and Samantha Cherot, Public Defender, Anchorage, for the Appellant. Madison M. Mitchell, Assistant Attorney General, Office of Criminal Appeals, Anchorage, and Treg R. Taylor, Attorney General, Juneau, for the Appellee.

Before: Wollenberg, Harbison, and Terrell, Judges.

Judge HARBISON.

Alexie N. Walters Jr. pleaded guilty to second-degree murder and third-degree assault for killing his girlfriend and then shooting a gun at two village police

officers.[1] As part of the plea agreement, Walters would receive a 35-year active term of imprisonment for the murder conviction and a 5-year term of imprisonment for the assault conviction. The agreement left open the question of whether the sentences would be consecutive or concurrent, as well as the amount of suspended jail time and the length of probation for the murder conviction.

The superior court accepted the parties' plea agreement. For the murder conviction, the court imposed a sentence of 99 years with 64 years suspended (35 years to serve), and a 15-year term of probation. For the assault conviction, the court imposed a sentence of 5 years to serve. The court chose to impose entirely consecutive sentences, resulting in a composite sentence of 40 years to serve. The court also ordered that Walters could not be released on discretionary parole for the duration of his sentence. The court then entered a written judgment designating both offenses as crimes of domestic violence. Walters now appeals.

Walters first claims that the imposition of entirely consecutive sentences resulted in an excessive composite sentence. For the reasons explained in this opinion, we conclude that we do not have jurisdiction to consider this claim, and we accordingly transfer it to the Alaska Supreme Court for discretionary review.

Walters next challenges the court's order restricting his eligibility for discretionary parole. We conclude that we do have jurisdiction to consider this claim and issue this opinion to explain our reasoning. Ultimately, however, having reviewed the record, we conclude that the restriction on Walters's parole eligibility is not clearly mistaken.

Finally, Walters contends that the court erred in designating the third-degree assault offense as a crime of domestic violence in the judgment. We agree. Because there was no evidence that the assault (which was committed against two village police officers) was a crime of domestic violence, this matter must be remanded

---

[1] AS 11.41.110(a)(1) and AS 11.41.220(a)(1)(A), respectively.

to the superior court so that it may issue a corrected judgment vacating the domestic violence designation for that conviction.

*Background facts and proceedings*

This case arose after Walters and his girlfriend, Gertrude Queenie, got into an altercation at Walters's house in Mountain Village. Walters locked the front door and began beating Queenie in the living room in front of his mother and twelve-year-old daughter, A.W. Queenie was crying and asking him to stop hitting her.

Walters's mother later reported that Walters then grabbed A.W. by the hair and threw her into the back bedroom. After threatening to kill A.W. and telling his mother and A.W. not to call the police, Walters continued to beat Queenie. His mother and A.W. then ran out of the house and went to Walters's sister's house, where the sister contacted Village Police Officers Blaise Long and John Tikiun.

Long and Tikiun went to investigate, knocking on Walters's door and announcing themselves as police officers. They heard footsteps and the sound of a gun being loaded. Concerned that they would be shot, Long and Tikiun ran out to the driveway. As they were running away, Walters fired a gun at them.

Queenie was later found beaten to death inside the house. Her head, face, arms, chest, abdomen, hips, and legs were covered in lacerations and bruising. Initially, the house appeared to be free of blood, but during the investigation, law enforcement officers conducted chemical testing that revealed the presence of blood throughout the house, suggesting that Walters had attempted to clean up after the incident.

Walters was indicted for first-degree murder, two counts of second-degree murder, two counts of third-degree assault, and tampering with physical evidence.[2] He

---

[2] AS 11.41.100(a)(1)(A), AS 11.41.110(a)(1)-(2), AS 11.41.220(a)(1)(A), and AS 11.56.610(a)(1), respectively.

later pleaded guilty to one count of second-degree murder for killing Queenie and to one consolidated count of third-degree assault for firing the gun at Long and Tikiun.

Walters faced a sentencing range of 15 to 99 years for the second-degree murder charge, and a presumptive sentencing range of 2 to 5 years for the third-degree assault charge.[3] Walters's pleas were entered as part of an agreement with the State which prescribed a 35-year active term of imprisonment for the murder conviction and a 5-year term of imprisonment for the assault conviction, but left open the question of whether the sentences would be consecutive or concurrent.

During the sentencing hearing, the superior court found that Walters was a worst offender. The court based this finding on Walters's lengthy criminal history, which included sixteen prior convictions (three of which were felonies and five of which were assaults), as well as several juvenile adjudications for assault. The court also based this finding on the severity of the offenses in this case, finding that thirteen aggravating factors applied by analogy to Walters's conviction for second-degree murder.[4] The court noted the pervasiveness of violence associated with Walters's drug and alcohol use and the many opportunities Walters had been given to participate in rehabilitative programs.[5] For these reasons, the court found that, in order to protect the

---

[3]  AS 12.55.125(b); former AS 12.55.125(e)(3) (2017). Walters had three prior felony convictions.

[4]  *See Allen v. State*, 56 P.3d 683, 684 (Alaska App. 2002) (explaining that statutory aggravating and mitigating factors may be employed "by analogy in murder sentencings as points of reference when the parties argue how a particular defendant's crime should be viewed in comparison to a typical murder").

[5]  *See Leopold v. State*, 278 P.3d 286, 295 (Alaska App. 2012), *as corrected on reh'g* (May 25, 2012) (upholding a worst offender finding where the defendant had a lengthy criminal history, his alcohol addiction was a strong influence on many of his prior convictions, and he had multiple prior opportunities to participate in rehabilitation).

public, imposition of the maximum period of isolation permitted under the agreement was warranted, and it accordingly imposed entirely consecutive sentences.[6]

In its sentencing remarks, the superior court specifically considered all of the *Chaney* criteria, and then found that the statutorily prescribed parole eligibility period was insufficient to meet the sentencing goals.[7] The court stated that eliminating Walters's eligibility for discretionary parole was needed in order to isolate him for as long as possible "to protect society from his malice and his rage." In making this determination, the court considered the extremely serious nature of the offense, Walters's lengthy criminal history, and his history of repeatedly violating probation.

This appeal followed.

*Why we conclude that we do not have jurisdiction over Walters's challenge to the imposition of entirely consecutive sentences*

Walters first contends that the superior court's imposition of entirely consecutive sentences resulted in an excessive composite sentence.

Under AS 22.07.020(b), this Court has the authority to review a sentence exceeding 2 years of active incarceration for a felony offense on the ground that the sentence is excessive, but this grant of jurisdiction is subject to certain limitations. One of these limitations is that this Court may not review an excessive sentence claim if the

---

[6]   The superior court was required to impose "at least some additional term" of consecutive time for the assault conviction, but the exact amount was within its discretion. AS 12.55.127(c)(2)(F).

[7]   *See State v. Korkow*, 314 P.3d 560, 565 (Alaska 2013) (providing that, when restricting a defendant's parole eligibility, a sentencing court must explain its reasons for concluding that the statutorily prescribed parole eligibility period is insufficient after specifically considering all of the *Chaney* criteria); *Hinson v. State*, 199 P.3d 1166, 1173 (Alaska App. 2008).

sentence was imposed in accordance with a plea agreement that provided for a sentence equal to or less than a specified maximum sentence.[8]

In the present case, neither party has suggested that this Court lacks authority to consider Walters's arguments on appeal. But if we identify a potential flaw in our jurisdiction, we have an independent duty to decide the jurisdictional question as a threshold matter.[9]

Walters's pleas were entered pursuant to an agreement under which he would receive a sentence of 35 years of active incarceration for the murder conviction and 5 years of active incarceration for the assault conviction, leaving open the question of whether the sentences would be consecutive or concurrent. In other words, the parties' agreement permitted the superior court to impose a maximum composite sentence of 40 years of active imprisonment. The superior court accepted the agreement and exercised its discretion to impose entirely consecutive terms of active imprisonment — *i.e.*, the maximum possible sentence permitted by the parties' agreement.

Because the superior court imposed a sentence in accordance with an agreement that contained a cap on the maximum sentence that could be imposed, we do not have jurisdiction to consider Walters's excessive sentence claim.[10] However, Walters is authorized to petition the Alaska Supreme Court for discretionary sentence review.[11] Accordingly, we refer this claim to the supreme court for discretionary review pursuant to Alaska Appellate Rule 215(k).

---

[8]    AS 22.07.020(b); AS 12.55.120(a).

[9]    *See Robertson v. Riplett*, 194 P.3d 382, 386 (Alaska 2008) (explaining that subject matter jurisdiction may be raised at any time, and if noticed by the court, but not identified by the parties, it must be raised by the court).

[10]    AS 12.55.120(a); Alaska R. App. P. 215(a)(5); *see also Stone v. State*, 255 P.3d 979, 980-83 (Alaska 2011) (treating defendant's sentence as within the plea agreement's maximum range, and therefore only subject to a petition for review, where the active term of imprisonment was under the agreement's cap but the suspended time exceeded that cap).

[11]    *See* Alaska R. App. P. 215(k); *Stone*, 255 P.3d at 983.

*Why we affirm the restriction on Walters's parole eligibility*

We next consider Walters's challenge to the superior court's order restricting his eligibility for discretionary parole. As we have explained, neither party challenges our jurisdiction to consider Walters's claims. But, given our conclusion that we lack jurisdiction over Walters's excessive sentence claim, the question naturally arises as to whether the limitations on our jurisdiction set out by AS 22.07.020(b) apply to Walters's challenge to the restriction on his parole eligibility. We conclude that they do not and that we have jurisdiction to consider this claim.

We have previously held that appeals that do not challenge the length of a defendant's term of imprisonment (such as appeals challenging probation conditions, fines, forfeitures, and license revocations) do not implicate the jurisdictional restrictions set out in AS 22.07.020(b) (which incorporates AS 12.55.120) and Alaska Appellate Rule 215(a)(1).[12]

And in *Jackson v. State*, the Alaska Supreme Court made clear that a sentencing court cannot consider a defendant's discretionary parole eligibility when determining the appropriate length of a defendant's sentence.[13] Rather, the correct

---

[12] *Allen v. Anchorage*, 168 P.3d 890, 893-95 (Alaska App. 2007) (holding that this Court had jurisdiction to consider non-term-of-imprisonment sentence appeals regardless of the term of imprisonment imposed by the sentencing court); *see e.g.*, *Maguire v. State*, 390 P.3d 1175, 1177-78 (Alaska App. 2017) (declining to overrule *Allen* and concluding that this Court had jurisdiction over defendant's challenge to the length of his probationary term, explaining that "this Court is uniquely well-situated to handle these types of appeals"); *Parson v. State*, 404 P.3d 227, 228-29 (Alaska App. 2017) (concluding that this Court had jurisdiction over sentencing court's denial of a suspended imposition of sentence, regardless of the length of the imprisonment imposed); *Johnson v. State*, 421 P.3d 134, 138 (Alaska App. 2018) (concluding that this Court had jurisdiction to consider appeal from a defendant, who was sentenced to a term of imprisonment in accordance with a plea agreement, challenging certain probation conditions imposed by the court); *see also* *Hillman v. Anchorage*, 941 P.2d 211, 212-15 (Alaska App. 1997) (explaining that this Court "retains the right to review an illegal sentence, regardless of how much (or how little) imprisonment is imposed on the defendant").

[13] *Jackson v. State*, 616 P.2d 23, 24-25 (Alaska 1980) (recognizing that "the assumption that an offender will be paroled on a particular date is, at best, speculative" and

approach is for the sentencing court to impose an appropriate term of incarceration on the assumption that the entire term will be served. A restriction on discretionary parole eligibility therefore does not alter the term of imprisonment imposed by the superior court, and a challenge to such a restriction does not challenge the length of a defendant's term of imprisonment.

In light of these principles, we conclude that an appeal challenging a restriction on a defendant's eligibility for discretionary parole is not an excessive sentence appeal within the meaning of AS 12.55.120(a) and Appellate Rule 215(a)(1) — and that we have jurisdiction to decide Walters's challenge to such a restriction.

We therefore turn to the merits of Walters's claim regarding the restriction on his discretionary parole eligibility.

This Court reviews a sentencing court's restriction on discretionary parole under the clearly mistaken standard.[14] Here, the superior court found that Walters had "no realistic rehabilitative potential" and that, given his lengthy criminal history, he "would likely re-offend as soon as he's released, just as he's re-offended every time he's been released." The superior court rejected the notion that Walters's fetal alcohol spectrum disorder had substantially impaired his judgment, noting that Walters's expert witness had determined that his cognitive functioning was in the low-average range. The court emphasized that Walters had consistently rejected attempts at rehabilitative services and that "incalculable resources" had been devoted to Walters "to no avail." It then found that the current offense "shows that there is no boundary to Mr. Walters's

---

instructing sentencing judges to assume that the defendant will serve the entire term of their imprisonment without release on discretionary parole when determining the proper length of a defendant's sentence); *see also Thomas v. State*, 413 P.3d 1207, 1212 (Alaska App. 2018) ("Because release on discretionary parole is so difficult to obtain, a sentencing judge is not permitted to consider a defendant's eligibility for discretionary parole as a factor that is likely to reduce the jail time that the defendant will actually serve.").

[14] *State v. Korkow*, 314 P.3d 560, 562 (Alaska 2013); *see also McClain v. State*, 519 P.2d 811, 813 (Alaska 1974).

willingness and ability to lash out and rage at the world around him and the people who love him."

The record supports the superior court's findings. Walters beat his girlfriend in front of his mother and child, inflicting injuries that were later fatal, and then shot at two responding police officers. And as we previously noted, at the time of the offenses in this case, Walters had a significant criminal history — sixteen prior convictions, three of which were felonies and five of which were assaults, as well as several juvenile adjudications for assault. Under the circumstances of this case, and given Walters's repeated failed attempts at rehabilitation, we conclude that the superior court's restriction on Walters's discretionary parole eligibility was not clearly mistaken.[15]

*Why we vacate the domestic violence designation for Walters's assault conviction*

Lastly, Walters asserts that the superior court erred by designating the third-degree assault conviction as a crime of domestic violence when it issued the written judgment. The State agrees with Walters that this designation was error, and we conclude that this concession is well-taken.[16]

The third-degree assault was committed against Village Police Officers Long and Tikiun. Under Alaska law, certain enumerated offenses are crimes involving domestic violence if they are committed against a "household member" as that term is

---

[15] *See Stern v. State*, 827 P.2d 442, 453 (Alaska App. 1992) (upholding a parole restriction for a "heinous crime[]" committed as "the culmination of an escalating series of violent acts," where the defendant had "shown repeatedly that he is not amenable to probationary supervision"); *Marcy v. State*, 823 P.2d 660, 669-70 (Alaska App. 1991) (upholding a parole restriction where the defendant "repeatedly committed crimes and violated probation and parole conditions" and "[h]is offenses continually increased in severity").

[16] *See Marks v. State*, 496 P.2d 66, 67-68 (Alaska 1972) (requiring an appellate court to independently assess any concession of error by the State in a criminal case).

defined in AS 18.66.990(5).[17] In the present matter, the State never claimed that the third-degree assault charge was a crime of domestic violence, and the superior court did not make such a finding during the sentencing hearing. Moreover, the record is devoid of any indication that Walters was a household member of, or even personally knew, either Long or Tikiun.

We accordingly remand this matter to the superior court for correction of the judgment.

*Conclusion*

We TRANSFER Walters's excessive sentence claim, challenging the imposition of consecutive sentences, to the Alaska Supreme Court for discretionary review pursuant to Appellate Rule 215(k). We VACATE the domestic violence designation with regard to the assault conviction and direct the superior court to correct the judgment on remand. With those exceptions, we AFFIRM the judgment of the superior court.

---

[17]  AS 18.66.990(3).