## The State *versus* Meldon Somerville.

A general verdict of guilty applies to all the material allegations in the indictment; and therefore, where the indictment alleges that many different books, particularly described, were stolen by the accused, a general verdict finds him guilty of stealing all the books named and alleged to have been stolen.

On the trial of such indictment, if the District Judge instruct the jury, that if they find that the accused was guilty of feloniously taking any one of the books specified in the indictment, they should find him guilty generally, the verdict of guilty will be set aside and a new trial granted, although the punishment may be the same for stealing one of the books as for stealing the whole.

Exceptions from the Western District Court, Goodenow J. presiding.

This was an indictment at the March Term of the District Court, 1842, against Somerville for feloniously taking sundry

State v. Somerville.

books, particularly described, the property of Robert H. Sherburne. With respect to a number of these books, which were particularly specified, the Judge instructed the jury, that there was no sufficient evidence either of property in Sherburne, or of his having lost them, to sustain the indictment so far as related to them; but that if they were satisfied that the defendant was guilty of feloniously taking any one or more of the books specified in the indictment, they should find the defendant guilty generally, if all the books were of less value than one hundred dollars. The jury returned a general verdict of guilty. Somerville, to the rulings and opinion of the Judge "excepts, as being against law and against the evidence in the case."

*Bridges*, Attorney General, for the State, moved for leave to enter a *nol. pros.* as to the books respecting which there was no proof.

The case was submitted upon the arguments in the last indictment against Somerville, by

*S. Fessenden* and *F. O. J. Smith*, for the accused, and by

*Bridges*, Attorney General, for the State.

The opinion of the Court was, after a continuance for advisement, drawn up by

SHEPLEY J. — The bill of exceptions names certain books, and states that "the Court instructed the jury, that there was no sufficient evidence of either property in said Sherburne, or of the loss by said Sherburne, to sustain that part of the indictment, which relates to them. But the Court instructed the jury, that if they were satisfied, that the defendant was guilty of feloniously taking any one or more of the books specified in the indictment, they should find the defendant guilty generally, if all the books were of less value than one hundred dollars; and upon this ruling and direction of the Court a general verdict of guilty was returned by the jury against the defendant."

A general verdict of guilty applies to all the material allega-

tions in the indictment and finds the prisoner guilty of stealing all the goods named and alleged to be stolen. And although the punishment may be the same, whether the prisoner be found guilty of stealing a part only or the whole of the goods alleged to have been stolen, yet his rights in other respects, as well as the rights of others, may be affected by the finding of a general verdict upon proof, which would not authorize it.

The statute provides, that "upon conviction of the offender, the stolen property shall be returned to the owner." Rev. Stat. c. 156, § 14. The property to be restored to the owner must be ascertained from the allegations in the indictment and from the finding of the jury. And if the prisoner should prove a part of the property alleged to have been stolen to be his own, and a general verdict should be taken, it would deprive him of that portion of his property and transfer it to another. And although the punishment may be the same, yet it is not necessarily the same, and might perhaps be expected to vary, where the prisoner should be found guilty of stealing ninety dollars in value, and when found guilty only to the amount of ten dollars. And he should not be found guilty of stealing any property without sufficient proof of his guilt. As the general verdict of guilty applies to the whole property alleged to have been stolen, and the jury were not required to distinguish further than to find a general verdict, if they should be satisfied of the felonious taking of one or more of the books; it will be necessary to submit the case to the consideration of the jury again, that this error may be corrected.

*Exceptions sustained, verdict set aside and new trial granted, and remanded.*