ALITO, J., concurring

# SUPREME COURT OF THE UNITED STATES

JOSHUA JOHN HESTER, ET AL. *v.* UNITED STATES

ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED
STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

No. 17–9082.   Decided January 7, 2019

The petition for a writ of certiorari is denied.

JUSTICE ALITO, concurring in the denial of certiorari.

The argument that the Sixth Amendment, as originally understood, requires a jury to find the facts supporting an order of restitution depends upon the proposition that the Sixth Amendment requires a jury to find the facts on which a sentence of imprisonment is based. That latter proposition is supported by decisions of this Court, see *United States* v. *Booker*, 543 U. S. 220, 230–232 (2005); *Apprendi* v. *New Jersey*, 530 U. S. 466, 478 (2000), but it represents a questionable interpretation of the original meaning of the Sixth Amendment, *Gall* v. *United States*, 552 U. S. 38, 64–66 (2007) (ALITO, J., dissenting). Unless the Court is willing to reconsider that interpretation, fidelity to original meaning counsels against further extension of these suspect precedents.

# SUPREME COURT OF THE UNITED STATES

JOSHUA JOHN HESTER, ET AL. *v.* UNITED STATES

ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED
STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

No. 17–9082.   Decided January 7, 2019

JUSTICE GORSUCH, with whom JUSTICE SOTOMAYOR
joins, dissenting from the denial of certiorari.

If you're charged with a crime, the Sixth Amendment
guarantees you the right to a jury trial.  From this, it
follows that the prosecutor must prove to a jury all of the
facts legally necessary to support your term of incarcera-
tion.  *Apprendi* v. *New Jersey*, 530 U. S. 466 (2000).  Nei-
ther is this rule limited to prison time.  If a court orders
you to pay a fine to the government, a jury must also find
all the facts necessary to justify that punishment too.
*Southern Union Co.* v. *United States*, 567 U. S. 343 (2012).

But what if instead the court orders you to pay restitu-
tion to victims?  Must a jury find all the facts needed to
justify a restitution order as well?  That's the question
presented in this case.  After the defendants pleaded
guilty to certain financial crimes, the district court held a
hearing to determine their victims' losses.  In the end and
based on its own factual findings, the court ordered the
defendants to pay $329,767 in restitution.  The Ninth
Circuit affirmed, agreeing with the government that the
facts supporting a restitution order can be found by a
judge rather than a jury.

Respectfully, I believe this case is worthy of our review.
Restitution plays an increasing role in federal criminal
sentencing today.  Before the passage of the Victim and
Witness Protection Act of 1982, 96 Stat. 1248, and the
Mandatory Victims Restitution Act of 1996, 110 Stat.
1227, restitution orders were comparatively rare.  But
from 2014 to 2016 alone, federal courts sentenced 33,158

defendants to pay $33.9 billion in restitution. GAO, G. Goodwin, Federal Criminal Restitution 16 (GAO–18–203, 2018). And between 1996 and 2016, the amount of unpaid federal criminal restitution rose from less than $6 billion to more than $110 billion. GAO, G. Goodwin, Federal Criminal Restitution 14 (GAO–18–115, 2017); Dept. of Justice, C. DiBattiste, U. S. Attorneys Annual Statistical Report 79–80 (1996) (Tables 12A and 12B). The effects of restitution orders, too, can be profound. Failure or inability to pay restitution can result in suspension of the right to vote, continued court supervision, or even reincarceration. Lollar, What Is Criminal Restitution? 100 Iowa L. Rev. 93, 123–129 (2014).

The ruling before us is not only important, it seems doubtful. The Ninth Circuit itself has conceded that allowing judges, rather than juries, to decide the facts necessary to support restitution orders isn't "well-harmonized" with this Court's Sixth Amendment decisions. *United States* v. *Green*, 722 F. 3d 1146, 1151 (2013). Judges in other circuits have made the same point in similar cases. See *United States* v. *Leahy*, 438 F. 3d 328, 343–344 (CA3 2006) (en banc) (McKee, J., concurring in part and dissenting in part); *United States* v. *Carruth*, 418 F. 3d 900, 905–906 (CA8 2005) (Bye, J., dissenting).

Nor does the government's defense of the judgment below dispel these concerns. This Court has held that the Sixth Amendment requires a jury to find any fact that triggers an increase in a defendant's "statutory maximum" sentence. *Apprendi*, 530 U. S., at 490. Seizing on this language, the government argues that the Sixth Amendment doesn't apply to restitution orders because the amount of restitution is dictated only by the extent of the victim's loss and thus has no "statutory maximum." But the government's argument misunderstands the teaching of our cases. We've used the term "statutory maximum" to refer to the harshest sentence the law allows a court to

impose based on facts a jury has found or the defendant has admitted. *Blakely* v. *Washington*, 542 U. S. 296, 303 (2004). In that sense, the statutory maximum for restitution is usually *zero*, because a court can't award *any* restitution without finding additional facts about the victim's loss. And just as a jury must find any facts necessary to authorize a steeper prison sentence or fine, it would seem to follow that a jury must find any facts necessary to support a (nonzero) restitution order.

The government is not without a backup argument, but it appears to bear problems of its own. The government suggests that the Sixth Amendment doesn't apply to restitution orders because restitution isn't a criminal penalty, only a civil remedy that "compensates victims for [their] economic losses." Brief in Opposition 8 (internal quotation marks omitted). But the Sixth Amendment's jury trial right expressly applies "[i]n all criminal prosecutions," and the government concedes that "restitution is imposed as part of a defendant's criminal conviction." *Ibid.* Federal statutes, too, describe restitution as a "penalty" imposed on the defendant as part of his criminal sentence, as do our cases. 18 U. S. C. §§3663(a)(1)(A), 3663A(a)(1), 3572(d)(1); see *Paroline* v. *United States*, 572 U. S. 434, 456 (2014); *Pasquantino* v. *United States*, 544 U. S. 349, 365 (2005). Besides, if restitution really fell beyond the reach of the Sixth Amendment's protections in *criminal* prosecutions, we would then have to consider the Seventh Amendment and its independent protection of the right to a jury trial in *civil* cases.

If the government's arguments appear less than convincing, maybe it's because they're difficult to reconcile with the Constitution's original meaning. The Sixth Amendment was understood as preserving the "'historical role of the jury at common law.'" *Southern Union*, 567 U. S., at 353. And as long ago as the time of Henry VIII, an English statute entitling victims to the restitution of

stolen goods allowed courts to order the return only of those goods mentioned in the indictment and found stolen by a jury. 1 J. Chitty, Criminal Law 817–820 (2d ed. 1816); 1 M. Hale, Pleas of the Crown 545 (1736). In America, too, courts held that in prosecutions for larceny, the jury usually had to find the value of the stolen property before restitution to the victim could be ordered. See, *e.g.*, *Schoonover* v. *State*, 17 Ohio St. 294 (1867); *Jones* v. *State*, 13 Ala. 153 (1848); *State* v. *Somerville*, 21 Me. 20 (1842); *Commonwealth* v. *Smith*, 1 Mass. 245 (1804). See also Barta, Guarding the Rights of the Accused and Accuser: The Jury's Role in Awarding Criminal Restitution Under the Sixth Amendment, 51 Am. Crim. L. Rev. 463, 472–476 (2014). And it's hard to see why the right to a jury trial should mean less to the people today than it did to those at the time of the Sixth and Seventh Amendments' adoption.

Respectfully, I would grant the petition for review.