NOTICE

*The text of this opinion can be corrected before the opinion is published in the* <u>*Pacific Reporter*</u>. *Readers are encouraged to bring typographical or other formal errors to the attention of the Clerk of the Appellate Courts:*

*303 K Street, Anchorage, Alaska 99501*
*Fax: (907) 264-0878*
*E-mail: corrections@akcourts.gov*

IN THE COURT OF APPEALS OF THE STATE OF ALASKA

SARAH ROMINES SKUPA,

                    Appellant,

        v.

STATE OF ALASKA,

                    Appellee.

Court of Appeals No. A-13346
Trial Court No. 3AN-13-06898 CR

O P I N I O N

No. 2735 — November 10, 2022

Appeal from the Superior Court, Third Judicial District, Anchorage, Erin B. Marston, Judge.

Appearances: Megan R. Webb, Assistant Public Defender, and Samantha Cherot, Public Defender, Anchorage, for the Appellant. Diane L. Wendlandt, Assistant Attorney General, Office of Criminal Appeals, Anchorage, and Treg R. Taylor, Attorney General, Juneau, for the Appellee.

Before: Allard, Chief Judge, and Harbison and Terrell, Judges.

Judge ALLARD.

Sarah Romines Skupa worked as a bookkeeper for an environmental consulting company for several years. During that time, Skupa stole more than $400,000 from the company through various fraudulent schemes.

A grand jury indicted Skupa on seven counts of scheme to defraud. Skupa later pleaded guilty, pursuant to a plea agreement, to a single count of first-degree theft.[1] Sentencing was open to the discretion of the superior court (within the 0- to 2-year presumptive range), as was the amount of restitution.

At sentencing, the superior court imposed a sentence of 2 years with 1 year suspended (1 year to serve) and 5 years' probation. Following a restitution hearing, the court ordered Skupa to pay $415,554.61 in restitution.

Skupa now appeals the restitution order, raising two different arguments. First, Skupa argues that she has a constitutional right to a criminal jury trial on the amount of restitution, and she claims that it was plain error for the superior court to award any restitution in the absence of the necessary jury findings. Second, Skupa argues that there was insufficient evidence presented to support $28,699.88 of the restitution award.

For the reasons explained here, we find no plain error with regard to the alleged jury trial right and we find sufficient evidence to support the challenged portion of the restitution award. Accordingly, we affirm the restitution judgment of the superior court.

*Skupa's argument that it was plain error for the superior court to fail to recognize her right to a criminal jury trial on the amount of restitution*

Under Alaska law, restitution is determined by the trial court. Alaska Statute 12.55.045(a) provides, in relevant part, that "[t]he court shall, when presented with credible evidence, unless the victim or other person expressly declines restitution, order a defendant convicted of an offense to make restitution as provided in this

---

[1]    AS 11.46.120.

section . . . ." An order of restitution is considered part of a defendant's sentence and a condition of any probation or suspended sentence.[2] The order is also a civil judgment for the amount of restitution; this civil judgment remains enforceable after the defendant's sentence is complete.[3]

In the current case, Skupa pleaded guilty to first-degree theft. In doing so, she admitted that she had stolen at least $25,000 from the environmental consulting company where she worked.[4]

The superior court held a restitution hearing to determine the amount of money that Skupa had stolen. At the hearing, the State presented a report from the University of Alaska Anchorage's Justice for Fraud Victims Project, which had conducted a detailed forensic examination of the company's financial records. The report identified $497,293.56 in "potentially fraudulent" financial transactions and $73,173.87 in transactions "warranting further investigation." The author of the report testified at the restitution hearing, as did the owner of the company. The hearing took three days to complete. The court ultimately imposed $415,554.61 in restitution.

Prior to the restitution hearing, Skupa filed written objections to the proposed restitution judgment. Her primary objection was that "[t]he criminal restitution process denies Ms. Skupa the protections of law afforded to all citizens in a civil dispute, including but not limited to her right to have the claim for damages heard and decided

---

[2]  AS 12.55.045(i).

[3]  AS 12.55.045(l).

[4]  *See* AS 11.46.120(a) ("A person commits the crime of theft in the first degree if the person commits theft as defined in AS 11.46.100 and the value of the property or services is $25,000 or more."); *see also* AS 11.46.100 ("A person commits theft if . . . with intent to deprive another of property or to appropriate property of another to oneself or a third person, the person obtains the property of another.").

by an impartial jury, her right to the comprehensive discovery process employed in civil court, and her right to effective counsel."[5] Skupa noted that the company had already filed a civil action against her, and she argued that to protect her constitutional rights in civil court, the superior court should impose only a "nominal" amount of restitution in the criminal case and should allow the rest of the restitution to be determined in the civil action where her rights were properly protected. Skupa renewed this argument at the restitution hearing.

Although the superior court gave no reasoning, it overruled Skupa's objection and issued the restitution order.

On appeal, Skupa does not renew her argument that the criminal procedures for determining restitution are insufficiently protective of her constitutional rights in a civil proceeding.[6] Instead, she raises, for the first time, an argument under the Sixth Amendment. According to Skupa, the Sixth Amendment of the United States Constitution and Article I, Section 11 of the Alaska Constitution require the State to prove any facts underlying a restitution award to a jury beyond a reasonable doubt. Skupa argues that this right to a criminal jury on restitution is based on the United States

---

[5] Skupa also objected that the requested restitution judgment constituted an excessive fine in violation of her state and federal constitutional rights, and that she had not been given all of her requested discovery on the company's finances. She has not renewed these objections on appeal.

[6] *Cf. State v. Arnett*, 496 P.3d 928, 934 (Kan. 2021), *cert. denied*, 142 S. Ct. 2868 (2022) (holding restitution statutes violated state constitutional right to civil jury trial and accordingly severing portions of statutes that converted restitution into civil judgment).

Supreme Court decisions in *Apprendi v. New Jersey*,[7] *Blakely v. Washington*,[8] *Southern Union Co. v. United States*,[9] and *Alleyne v. United States*.[10]

In *Apprendi v. New Jersey*, the Supreme Court held that, under the Sixth Amendment, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."[11] Four years later, in *Blakely v. Washington*, the Court extended this rule to findings of aggravating facts, holding that the phrase "statutory maximum" for purposes of *Apprendi* is "the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant."[12]

Almost a decade later, the Supreme Court issued *Southern Union Co. v. United States* in which it applied *Apprendi* and *Blakely* to criminal fines.[13] *Southern Union Co.* involved a corporate defendant that was convicted of a single count of unlawfully storing liquid mercury. The criminal penalty for the company's conviction included "a fine of not more than $50,000 for each day of violation."[14] At sentencing, the trial court found that the company had unlawfully stored liquid mercury for 762 days,

---

[7]    *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

[8]    *Blakely v. Washington*, 542 U.S. 296 (2004).

[9]    *Southern Union Co. v. United States*, 567 U.S. 343 (2012).

[10]   *Alleyne v. United States*, 570 U.S. 99 (2013).

[11]   *Apprendi*, 530 U.S. at 490.

[12]   *Blakely*, 542 U.S. at 303 (emphasis omitted).

[13]   *Southern Union Co.*, 567 U.S. at 346.

[14]   *Id.* at 347 (citing 42 U.S.C. § 6928(d)).

and imposed a fine of $6 million as well as a $12 million "community service obligation." The company argued that this judicial factfinding violated its Sixth Amendment right to a jury trial and it asserted that, because the verdict did not require the jury to determine the number of days it violated the law, the court was only authorized to impose the maximum fine for 1 day. The Supreme Court agreed, noting that "our decisions broadly prohibit judicial factfinding that increases maximum criminal 'sentence[s],' 'penalties,' or 'punishment[s]'— terms that each undeniably embrace fines."[15]

A year later, the Supreme Court decided *Alleyne v. United States*.[16] The defendant in *Alleyne* was convicted of robbery and using a firearm, but he was subjected to an enhanced mandatory minimum sentence based on the judge's finding that he had "brandished" the firearm.[17] The Supreme Court agreed with the defendant that this judicial factfinding violated the Sixth Amendment, holding that "[f]acts that increase the mandatory minimum sentence are . . . elements and must be submitted to the jury and found beyond a reasonable doubt."[18]

Relying on the reasoning of these four cases, Skupa argues that restitution is partially punitive in nature, and she asserts that, as a criminal "penalty," restitution must be based on facts that have been found by a jury beyond a reasonable doubt. Skupa therefore argues that the superior court was only authorized to award $25,000 in

---

[15] *Id.* at 350 (alterations in original) (citing *Blakely*, 542 U.S. at 304; *Apprendi*, 530 U.S. at 490; *Ring v. Arizona*, 536 U.S. 584, 589 (2002)).

[16] *Alleyne v. United States*, 570 U.S. 99 (2013).

[17] *Id.* at 103-04.

[18] *Id.* at 108.

restitution because she had only admitted to stealing "$25,000 or more" when she pleaded guilty to first-degree theft.[19]

Skupa acknowledges that she did not make this argument to the superior court. But she asserts that it was plain error for the superior court to fail to recognize that its judicial factfinding violated her Sixth Amendment rights. To establish plain error, Skupa is required to show this failure (1) was not the result of intelligent waiver or a tactical decision not to object; (2) was obvious; (3) affected substantial rights; and (4) was prejudicial.[20]

Skupa faces a difficult task in proving plain error in this case. Every court to address this legal issue — at least fifteen state courts and eleven federal circuit courts — has held that the *Apprendi* line of cases does not apply to indeterminate restitution statutes.[21] A few of these courts have held that restitution does not offend *Apprendi*

---

[19] *See* AS 11.46.120(a).

[20] *See Adams v. State*, 261 P.3d 758, 764 (Alaska 2011).

[21] At the state level: *See, e.g.*, *State v. Arnett*, 496 P.3d 928, 933-34 (Kan. 2021), *cert. denied*, 142 S. Ct. 2868 (2022); *People v. Chhoun*, 480 P.3d 550, 590 (Cal. 2021); *People v. Knapp*, 487 P.3d 1243, 1260 (Colo. App. 2020); *State v. Foumai*, 2018 WL 495679, at *4 (Haw. App. Jan. 22, 2018) (unpublished); *State v. Leon*, 381 P.3d 286, 289 (Ariz. App. 2016); *State v. Deslaurier*, 371 P.3d 505, 509 (Or. App. 2016); *People v. Corbin*, 880 N.W.2d 2, 14 (Mich. App. 2015); *Commonwealth v. Denehy*, 2 N.E.3d 161, 174-75 (Mass. 2014); *Smith v. State*, 990 N.E.2d 517, 521-22 (Ind. App. 2013); *State v. Clapper*, 732 N.W.2d 657, 663-64 (Neb. 2007); *State v. Martinez*, 920 A.2d 715, 721-22 (N.J. Super. App. Div. 2007); *State v. Field*, 116 P.3d 813, 817 (Mont. 2005); *State v. Kinneman*, 119 P.3d 350, 355 (Wash. 2005); *State v. White*, 2004 WL 2326708, at *24 (Tenn. Crim. App. Oct. 15, 2004) (unpublished); *People v. Horne*, 767 N.E.2d 132, 139 (N.Y. 2002); *see also State v. Davison*, 973 N.W.2d 276, 286-88 (Iowa 2022) (applying *Apprendi* to a specific provision of Iowa law that mandates a $150,000 minimum restitution when a defendant's crime "caused the death of another" and holding that jury must have found that defendant "caused the death of another" but distinguishing this statute from Iowa's general restitution scheme,

(continued...)

because it is primarily intended to compensate the victim and should therefore not be considered criminal punishment.[22]   The majority of courts follow a different analytic path.   These courts reason that, unlike fines or terms of incarceration, indeterminate restitution statutes do not have statutory maximums — *i.e.*, these laws authorize courts to impose up to the actual damages resulting from the defendant's crime based on the conviction itself.   These courts conclude that judicial investigation into the extent of the victim's damages therefore does not offend *Apprendi* because it does not *increase* the

---

(...continued)
which is otherwise indeterminate and limited to pecuniary damages); *State v. Rey*, 905 N.W.2d 490, 497 (Minn. 2018) (concluding that modest mandatory-minimum-restitution requirement was not an unconstitutional fine, and therefore refusing to reach defendant's *Alleyne* and *Blakely* argument); *Cummings v. State*, 58 So.3d 715, 721-22 (Miss. App. 2011) (finding that defendant's Sixth Amendment challenge to restitution did not rise to level of plain error, noting that many federal circuit courts have declined to apply *Apprendi* to restitution).

At the federal level:  *See United States v. Kachkar*, 2022 WL 2704358, at \*10 (11th Cir. July 12, 2022) (unpublished) (citing *Dohrmann v. United States*, 442 F.3d 1279, 1281 (11th Cir. 2006)); *United States v. Vega-Martínez*, 949 F.3d 43, 54-55 (1st Cir. 2020) (citing *United States v. Milkiewicz*, 470 F.3d 390, 403-04 (1st Cir. 2006)); *United States v. Churn*, 800 F.3d 768, 781-82 (6th Cir. 2015) (citing *United States v. Sosebee*, 419 F.3d 451, 561 (6th Cir. 2005)); *United States v. Burns*, 800 F.3d 1258, 1261-62 (10th Cir. 2015); *United States v. Bengis*, 783 F.3d 407, 412-13 (2d Cir. 2015); *United States v. Thunderhawk*, 799 F.3d 1203, 1209 (8th Cir. 2015) (citing *United States v. Carruth*, 418 F.3d 900, 904 (8th Cir. 2005)); *United States v. Rosbottom*, 763 F.3d 408, 420 (5th Cir. 2014) (citing *United States v. Read*, 710 F.3d 219, 231 (5th Cir. 2012); *United States v. Green*, 722 F.3d 1146, 1148-51 (9th Cir. 2013); *United States v. Day*, 700 F.3d 713, 732 (4th Cir. 2012); *United States v. Wolfe*, 701 F.3d 1206, 1216-18 (7th Cir. 2012); *United States v. Leahy*, 438 F.3d 328, 337-38 (3d Cir. 2006).

   [22]   *Field*, 116 P.3d at 817; *Thunderhawk*, 799 F.3d at 1209; *Wolfe*, 701 F.3d at 1216-18; *see also Burns*, 800 F.3d at 1261 (explaining that Tenth Circuit precedent treats restitution as compensatory rather than punitive and therefore forecloses applying *Apprendi*'s rule of criminal law).

statutory maximum or mandatory minimum, it merely *determines* the appropriate restitution within the indeterminate range already authorized by the jury's finding of guilt.[23]

Restitution in Alaska utilizes an indeterminate model like the statutes addressed by other courts. Alaska Statute 12.55.045 mandates that courts order restitution upon conviction, and our case law makes clear that restitution is limited to the actual damages directly resulting from the conduct for which the defendant was convicted.[24] We therefore agree with those other courts that defendants are "on notice

---

[23] *See Deslaurier*, 371 P.3d at 509 ("Restitution in the full amount of the victim's economic damages does not exceed the 'prescribed statutory maximum' because restitution for the full amount of the victim's economic damages is the only 'restitution outcome that is consistent with a jury's verdict.' The jury found that defendant committed the crime and, in doing so, found that defendant was liable for the full amount of the victim's economic damages." (quoting *State v. Ramos*, 340 P.3d 703, 706-07 (Or. App. 2014))); *Milkiewicz*, 470 F.3d at 404 ("[T]he jury's finding of guilt leads to only one outcome; in *every* case in which such punishment is imposed, 'the jury's verdict automatically triggers restitution in the full amount of each victim's losses[.]'" (quoting *Leahy*, 438 F.3d at 338 n.11)); *see, e.g.*, *Leon*, 381 P.3d at 289-90; *Foumai*, 2018 WL 495679 at *4; *Chhoun*, 480 P.3d at 590; *Denehy*, 2 N.E.3d at 174-75; *Smith*, 990 N.E.2d at 521-22; *Clapper*, 732 N.W.2d at 663; *Martinez*, 920 A.2d at 721-22; *Kinneman*, 119 P.3d at 355; *White*, 2004 WL 2326708 at *24; *Horne*, 767 N.E.2d at 139; *Dohrmann*, 442 F.3d at 1281; *Vega-Martínez*, 949 F.3d at 54-55; *Churn*, 500 F.3d at 781-82; *Bengis*, 783 F.3d at 412-13; *Rosbottom*, 763 F.3d at 420; *Green*, 722 F.3d at 1148-51; *Day*, 700 F.3d at 732; *see also Burns*, 800 F.3d at 1261-62 (rejecting defendant's argument that the *Apprendi* line of cases applied to restitution because sentencing courts order restitution to compensate victims for their losses and therefore there is no statutory maximum amount of restitution that a sentencing court can exceed).

[24] *Grubb v. State*, 506 P.3d 791, 795 & n.10 (Alaska App. 2022) (noting that criminal restitution may not exceed the damages available in a civil suit and cannot go beyond "actual loss or damages" (citing *Noffsinger v. State*, 850 P.2d 647, 650 (Alaska App. 1993))); *Peterson v. Anchorage*, 500 P.3d 314, 319 (Alaska App. 2021) ("[T]he damages for which restitution is ordered must be caused by the criminal conduct for which the defendant was

(continued...)

that their criminal conduct, if proved in a jury trial, could lead to an indeterminate award of restitution as needed to compensate the victim for pecuniary losses."[25]

We have previously grappled with the question of whether the *Apprendi* line of cases applies to restitution orders in an unpublished memorandum decision, *Her v. State*.[26] In that case, we noted that the overwhelming authority was against applying the *Apprendi* line of cases to restitution orders, but that there were some legal commentators and two Supreme Court justices who appeared to believe otherwise.[27] In *Her*, we ultimately concluded that we did not need to decide this question of law because, even assuming that the Sixth Amendment right to a jury trial applies to the determination of the proper amount of restitution, the absence of a jury finding was harmless beyond a reasonable doubt.[28]

We likewise conclude that we need not decide this issue in this case, albeit for different reasons. As already noted, Skupa did not raise a Sixth Amendment argument in the trial court proceedings. Moreover, Skupa did not go to trial in this case.

---

[24] (...continued) convicted, not additional uncharged conduct.").

[25] *State v. Davison*, 973 N.W.2d 276, 286 (Iowa 2022).

[26] *Her v. State*, 2019 WL 3318138, at *3-5 (Alaska App. July 24, 2019) (unpublished).

[27] *See Hester v. United States*, 139 S. Ct. 509, 509-11 (2019) (Gorsuch, J., dissenting); *see also* James M. Bertucci, *Apprendi-Land Opens its Borders: Will the Supreme Court's Decision in Southern Union Co. v. United States Extend Apprendi's Reach to Restitution?*, 58 St. Louis U.L.J. 565, 587-88 (2014). Despite the dissent in *Hester*, the Supreme Court has continued rejecting petitions for certiorari in cases addressing *Apprendi* and restitution. *See, e.g.*, *Arnett v. Kansas*, 142 S. Ct. 2868 (2022) (denying certiorari for case in which Kansas Supreme Court refused to find a Sixth Amendment jury trial right to determine restitution).

[28] *Her*, 2019 WL 3318138, at *3-5.

Instead, she entered into a plea agreement with the State. As part of this agreement, Skupa was required to waive her Sixth Amendment right to a jury trial under the state and federal constitutions. Thus, assuming arguendo that the Sixth Amendment right to a jury trial applies to the determination of the proper amount of restitution, Skupa waived that right.

It is true, of course, that a jury trial waiver must be knowing and intelligent, and it would be difficult to say that Skupa knowingly and intelligently waived a right that no court has thus far acknowledged. But to the extent Skupa means to argue that her guilty plea was not knowingly and intelligently made, the proper procedural vehicle is a motion to withdraw her plea.[29] Skupa has never filed such a motion, and she has not argued on appeal that she should be permitted to withdraw her plea. Instead, she seeks to maintain the benefits of her plea agreement while forcing the State to try the question of restitution before a twelve-person jury (and to the standard of beyond a reasonable doubt). The law does not permit this approach.

Under these circumstances, we conclude that it was not plain error for the court to hold a restitution hearing, in accordance with accepted law, and to order restitution based on evidence that showed, by a preponderance of the evidence, that Skupa stole $415,554.61 from her employer.

> *Skupa's argument that there was insufficient evidence to support $28,699.88 of the restitution award*

As already mentioned, the $415,554.61 restitution award in this case was supported, in part, by the fraud examination conducted by the Justice for Fraud Victims Project housed and coordinated by the University of Alaska Anchorage. The Project's

---

[29] *See Woodbury v. State*, 151 P.3d 528, 532 (Alaska App. 2007); *Grasser v. State*, 119 P.3d 1016, 1018 (Alaska App. 2005).

report included fifteen different exhibits listing multiple types of fraud allegedly committed by Skupa — including underpayment of health and dental insurance premiums, unauthorized change of pay rate, unauthorized wire transfers to different banks, unauthorized additional payroll, unauthorized airline ticket purchases, and unauthorized purchases at Office Depot and Home Depot.

On appeal, Skupa challenges the restitution award for the unauthorized purchases at Home Depot, which totaled $28,699.88. More specifically, she asserts that there was insufficient evidence to support $14,815.81 of this portion of the restitution award. We disagree.

Under current Alaska law, the State was required to prove the restitution amount by a preponderance of the evidence.[30] At the restitution hearing, the owner of the company testified that he had identified multiple Home Depot purchases that were not authorized and unrelated to the business. The Justice for Fraud Victims Project was able to identify $28,699.88 in "potentially fraudulent transactions" from Home Depot.

The unauthorized purchases included home construction materials with delivery receipts showing these items were delivered directly to Skupa's home. This included $9,211.60 for wood flooring and $4,672.47 for cedar fencing, totaling $13,884.07. Skupa admits in her briefing that her home address was linked to these purchases. As a result, there is clearly a preponderance of evidence connecting Skupa to these purchases.

Skupa nevertheless challenges the remaining portion of the Home Depot balance, for $14,815.81. The list of challenged purchases includes a child's swing, a pirate ship wheel, a hose, a sprinkler, a ratchet, LED floodlights, utility knives, drywall

---

[30] *See Noffsinger v. State*, 850 P.2d 647, 650 (Alaska App. 1993) (citing *Brakes v. State*, 796 P.2d 1368, 1372 n.5 (Alaska App. 1990)).

mud, paint, a gas-powered trimmer, a planter, a stainless-steel refrigerator, and several other items.

But the record establishes that the State presented several pieces of evidence linking Skupa to these purchases. Notably, none of the items purchased could be found on the company's property. Many of the items were meant for children, and Skupa had four children. And some of the purchases were made at the Home Depot in Wasilla, which was close to Skupa's home. (The company was located in Anchorage.)

The State also relied on the presentence report, which stated that police officers had executed a search warrant at Skupa's residence and "[i]n the residence officers located many items as described on Home Depot invoices that had been purchased by the defendant without authorization."

On appeal, Skupa argues that any reliance on the presentence report was improper because it was not entered into evidence at the restitution hearing. But, as the State points out, the presentence report was already part of the record and Skupa did not object to its use at the restitution hearing. Moreover, Skupa had previously been given an opportunity to object to any language in the report that she disagreed with or believed to be unsupported by the evidence during her sentencing hearing. Indeed, Skupa did object to other parts of the presentence report, but she did not object to the assertion that items from the unauthorized Home Depot invoices were found in her home.

Having reviewed the restitution hearing and the exhibits in support of the restitution amount, we find no error in the superior court's decision to order $28,699.88 in restitution for the unauthorized Home Depot purchases.

*Conclusion*

The restitution judgment of the superior court is AFFIRMED.