NOTICE

*The text of this opinion can be corrected before the opinion is published in the* <u>*Pacific Reporter*</u>*. Readers are encouraged to bring typographical or other formal errors to the attention of the Clerk of the Appellate Courts:*

*303 K Street, Anchorage, Alaska 99501*
*Fax: (907) 264-0878*
*E-mail: corrections@akcourts.gov*

IN THE COURT OF APPEALS OF THE STATE OF ALASKA

|  |  |
|---|---|
| JASON A. DIXON,<br><br>Appellant,<br><br>v.<br><br>STATE OF ALASKA,<br><br>Appellee. | Court of Appeals No. A-13944<br>Trial Court No. 3KN-16-01428 CR<br><br>O P I N I O N<br><br>No. 2786 — July 26, 2024 |

Appeal from the Superior Court, Third Judicial District, Kenai, Lance Joanis, Judge.

Appearances: Isabella Blizard, Assistant Public Advocate, and James Stinson, Public Advocate, Anchorage, for the Appellant. Nancy R. Simel, Assistant Attorney General, Office of Criminal Appeals, Anchorage, and Treg R. Taylor, Attorney General, Juneau, for the Appellee.

Before: Allard, Chief Judge, and Wollenberg and Harbison, Judges.

Judge HARBISON.

Jason A. Dixon broke into a motorhome and stole personal property, and then stole a car and fled from the police. He later pleaded guilty, as part of a Criminal Rule 11 agreement, to one count of first-degree vehicle theft, one count of first-degree failure to stop, one count of second-degree theft, one count of fourth-degree criminal

mischief, and one count of driving without a license.[1] As part of the agreement, Dixon agreed to pay restitution to the victims in an amount that would be determined later in the proceedings. The superior court accepted the agreement, sentenced Dixon, entered a judgment of conviction, and scheduled a restitution hearing.

Ahead of the restitution hearing, Dixon (who was in custody) requested that the superior court order the Department of Public Safety (DPS) to transport him to the hearing.[2] DPS refused to transport Dixon to the hearing, and the court never issued an order for it to do so. The court also declined Dixon's alternative request to continue the hearing until he was released from custody. Consequently, Dixon participated in the hearing by telephone. At the close of the hearing, the superior court entered a restitution order that included $39,485 in restitution that Dixon had disputed.

On appeal, Dixon and the State agree that the superior court erred in denying his request to be personally present at the restitution hearing, and that the court's error was not harmless beyond a reasonable doubt. The parties also agree that the superior court incorrectly awarded restitution for a corded DeWalt jig saw, and that it overlooked certain legal provisions related to accessing legal and medical records when it determined the value of a box containing this type of records.

We have independently reviewed the record, and we conclude that the State's concessions are well-founded.[3] We accordingly vacate the restitution judgment and remand this matter to the superior court for further proceedings. On remand, the

---

[1]  AS 11.46.360(a)(1), AS 28.35.182(a)(1), AS 11.46.130(a)(1), AS 11.46.484(a)(1), and AS 28.15.011, respectively.

[2]  The superior court and the parties referred to "judicial services" when discussing the transfer order. "Judicial services" is an informal way of referencing a specific branch of the Alaska State Troopers that works with the Alaska Court System. The Alaska State Troopers, in turn, is a division of the Alaska Department of Public Safety.

[3]  *See Marks v. State*, 496 P.2d 66, 67-68 (Alaska 1972) (requiring an appellate court to independently assess any concession of error by the State in a criminal case).

superior court must conduct a *de novo* restitution hearing, ensuring that Dixon is given an opportunity to attend the hearing in person.[4]

*Background facts*

Dixon pleaded guilty, pursuant to a Criminal Rule 11 agreement, to one count of first-degree vehicle theft, one count of first-degree failure to stop, one count of second-degree theft, one count of fourth-degree criminal mischief, and one count of driving without a license.[5] In exchange, the State agreed to dismiss other charges. The following week, the court accepted the agreement, sentenced Dixon to the negotiated composite term of 2 years and 30 days to serve, and ordered Dixon to pay restitution in an amount to be later determined.

---

[4] Dixon also argues that the court applied the wrong legal standard when determining the amount of restitution. Because we are vacating the restitution judgment and remanding this case to the superior court for a new restitution hearing, we need not decide this issue. However, we wish to clarify several of the legal concepts that are applicable to the restitution determination. As Dixon points out, the State is required to prove the restitution amount, if contested, by a preponderance of the evidence. *See Noffsinger v. State*, 850 P.2d 647, 650 (Alaska App. 1993) (citing *Brakes v. State*, 796 P.2d 1368, 1372 n.5 (Alaska App. 1990)); *Skupa v. State*, 520 P.3d 1184, 1191 (Alaska App. 2022). In determining the amount of actual restitution damages, a trial court "shall value property as the market value of the property at the time and place of the crime or, if the market value cannot reasonably be ascertained, the cost of replacement of the property within a reasonable time after the crime." AS 12.55.045(n). A court may rely on victim testimony to determine property value if there is "no conflicting evidence of value." *Fee v. State*, 656 P.2d 1202, 1205-06 (Alaska App. 1982). However, the victim's testimony must still be sufficient to prove by a preponderance of the evidence the amount of restitution owed — *i.e.*, the testimony must be sufficiently reliable that the trier of fact believes "that the existence of a fact is more probable than its nonexistence." *Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Tr. for S. Cal.*, 508 U.S. 602, 622 (1993) (quoting *In re Winship*, 397 U.S. 358, 371-72 (1970) (Harlan, J., concurring)).

[5] AS 11.46.360(a)(1), AS 28.35.182(a)(1), AS 11.46.130(a)(1), AS 11.46.484(a)(1), and AS 28.15.011, respectively.

A restitution hearing was scheduled, and the evidentiary portion of the hearing was conducted over three days. Prior to the restitution hearing, Dixon's attorney requested that Dixon be allowed to attend the hearing in person and asked the superior court to facilitate his transport by DPS from prison. The attorney pointed out that under Alaska Criminal Rule 38(a)(1), Dixon had the right to appear in person at any hearing during which evidence would be presented.[6] The court noted that it had already asked DPS to transport Dixon, but that DPS had said "no" because DPS considered Dixon to be already sentenced. The court stated that Dixon would need to provide legal authority that would justify the court ordering DPS to transport him.

On the first day of the restitution hearing, the defense attorney noted that Dixon "wants to be here in person," but could not attend because he was in custody. The defense attorney also noted that she had been unable to meet with Dixon in person to prepare for the hearing. She then requested a continuance, asking that the hearing be postponed until either she could meet with Dixon in person, or until Dixon was released from custody and could attend himself. The State opposed postponing the hearing, and the superior court denied Dixon's request for a continuance. The hearing commenced with Dixon participating telephonically, and the State called its first witness.

On the second day of the hearing, the State called its second witness. After this witness testified, the defense attorney reiterated that Dixon had a right to be physically present at the restitution hearing, and stated that Dixon's presence would have been helpful in determining what questions to ask the State's witness. In response, the superior court first stated, "I honestly don't know if Criminal Rule 38 applies to restitution." But then, after taking a break and consulting with another judge, the court ruled that attending the restitution hearing by video call or telephone, as Dixon had been

---

[6] Alaska R. Crim. P. 38(a)(1) ("The defendant shall be physically present for every hearing at which evidence will be presented and all stages of the trial including the impaneling of the jury and return of the verdict[.]").

doing, satisfied Rule 38. Dixon and his attorney therefore attended the final day of the hearing telephonically from prison.

After the restitution hearing was completed, the court entered a judgment for $39,485 of the $57,875 of contested restitution.

*Why we vacate the restitution order*

On appeal, the parties agree that Dixon had a right to be present for the restitution hearing and that the restitution judgment must be vacated because Dixon was not physically present at the hearing.

A defendant has the constitutional right, under both the United States and the Alaska Constitutions, to be physically present at every critical stage of a criminal proceeding, including sentencing.[7] The superior court characterized restitution as "essentially part of sentencing," but nevertheless ruled that Dixon's right to be personally present at sentencing was not implicated. This was incorrect.

Under Alaska law, "restitution is a 'hybrid remedy' with both punitive and remedial aspects."[8] For this reason, restitution is considered part of the defendant's sentence and also may be a condition of any probation or suspended sentence.[9] Thus, a restitution hearing is part of, rather than distinct from, a sentencing proceeding, and a defendant has the right to be personally present during such a hearing.

---

[7]   U.S. Const. amends. V, VI, XIV; Alaska Const. art. I, §§ 1, 7; *see Illinois v. Allen*, 397 U.S. 337, 338 (1970); *Henry v. State*, 861 P.2d 582, 592 (Alaska App. 1993).

[8]   *Groom v. State*, __ P.3d __, 2024 WL 2790722, at *5 (Alaska App. May 31, 2024) (quoting *Ortiz v. State*, 173 P.3d 430, 432-33 (Alaska App. 2007)).

[9]   *Id.*; AS 12.55.045(i); *see also Skupa v. State*, 520 P.3d 1184, 1186 (Alaska App. 2022).

This right is reflected in Alaska Criminal Rule 38(a), which states that a "defendant charged with a felony offense shall be present . . . at a sentencing hearing."[10] Indeed, Rule 38 provides an even broader protection than what is constitutionally required,[11] reflecting the fact that "the defendant's presence at all stages of the trial — whether or not a particular proceeding has a direct bearing on the defendant's guilt or innocence — promotes the perception and reality of fairness in the trial process."[12]

We agree with the parties that the superior court erred in conducting the hearing without Dixon being present in the courtroom. Dixon had a right under the United States Constitution, the Alaska Constitution, and Alaska Criminal Rule 38(a) to be personally present at the restitution hearing.[13]

When a trial court denies a defendant the constitutional right to be present, this Court will reverse unless the error is harmless beyond a reasonable doubt.[14] The parties agree that the court's error was not harmless beyond a reasonable doubt. We also agree.

The record reflects the difficulties posed by Dixon's physical absence at his restitution hearing. Dixon described the prison telephone that he was using as "terrible," and the superior court noted on one occasion that it could "barely" hear him.

---

[10] Alaska R. Crim. P. 38(a); *see also* Alaska R. Crim. P. 38(a)(1) (stating that the defendant "shall be physically present for every hearing at which evidence will be presented").

[11] *Raphael v. State*, 994 P.2d 1004, 1011 (Alaska 2000) (citing *Henry*, 861 P.2d at 593).

[12] *Id.* at 1012 (citing *Lee v. Illinois*, 476 U.S. 530, 540 (1986)).

[13] When a defendant has a constitutional right to be present at a proceeding, the defendant must personally waive his right to be present or expressly consent to allow the proceeding to occur outside his presence. *Pease v. State*, 54 P.3d 316, 324-25 (Alaska App. 2002).

[14] *Id.* at 1013.

At one point, when the defense attorney was cross-examining a State's witness about stolen property, Dixon interjected, telling the court that he never received copies of the photos being discussed and therefore could not effectively understand the discussion about them. And as Dixon's attorney explained to the court, without Dixon present, she was unable to receive information from him to assist in her cross-examination of the witnesses.

Later on in the hearing, when Dixon and his attorney attempted to attend the hearing together by videocall from the prison, the videocall system was not working. Dixon and the attorney then tried to use the regular phone system, but the phone was cutting out intermittently. At one point, only one person, either Dixon or his attorney, could hold the phone to their ear to listen to the proceedings while the other was unable to hear what was happening. And during Dixon's telephonic testimony, his attorney struggled at times to hear what was being said by participants who were in the courtroom.

This record demonstrates that Dixon's absence fundamentally undermined his ability to challenge the State's evidence. Because the superior court's error was not harmless beyond a reasonable doubt, we reverse the restitution order and remand for a new hearing that must be conducted in Dixon's presence.

*Why we conclude that the superior court incorrectly awarded restitution for two specific items*

In addition to his general arguments against the court's restitution award, Dixon also argues that the superior court incorrectly awarded restitution for two specific items: (1) item 14, a "[c]orded DeWalt jig saw," and (2) item 45, a "large box of personal paperwork" and other items. The State concedes that the evidence was insufficient to support a restitution award for the corded jig saw and also concedes that the superior court may have erred in awarding restitution for the victims' legal and medical paperwork.

We have reviewed the record, and we conclude that the State's concessions are well-taken.[15] Although there was no evidence presented about the jig saw, the court awarded $100 for this item. The court also awarded $800 for the box of paperwork and other items, based in part on a belief that the victims would have to pay to replace the legal and medical files in the box. But Alaskans have the right to access their own legal and medical records, and thus the cost to replace the paperwork may have been minimal.[16] When the superior court conducts the *de novo* restitution hearing, it should be mindful of these concessions.

*Conclusion*

We VACATE the superior court's restitution award and remand for a new restitution hearing with instructions that Dixon must be given the opportunity to attend the hearing in person.

---

[15] *See Marks v. State*, 496 P.2d 66, 67-68 (Alaska 1972).

[16] *See* Ethics Opinion No. 2011-1 (Alaska Bar Ass'n 2011) (opining that a lawyer must provide the original file to a former client upon request and may not charge the client if the lawyer opts to make copies for their own purposes); AS 18.23.005 (providing that a patient has the right to inspect and copy their health care records); 45 C.F.R. § 164.524(a) (2023) (same). *But see* 45 C.F.R. § 164.524(c)(4) (2023) (providing that a medical provider may impose reasonable fees for the copying of records).